EUSEBIUS EMBREE, Respondent, v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

St. Louis Court of Appeals, April 23, 1895.

1. **Insurance, Fire**: AUTHORITY OF MERE SOLICITING AGENT. An agent of a fire insurance company who has authority merely to receive and forward to the company applications for insurance, and to collect premiums therefor, can not bind the company by his oral contract on its behalf, insuring property until an application received by him should be acted upon by the company.

2. ——: ——. And *held*, that the evidence in this cause failed to show that such an agent had been held out by the insurance company as possessing any power to contract for such insurance.

*Appeal from the Monroe Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED (BIGGS, J., *dissenting*).

*G. W. Barnett* for appellant.

The court erred in refusing to give to the jury, at the close of all the evidence, the instruction in the nature of a demurrer to the evidence asked by the defendant, for the reason that, under the undisputed evidence, the agent, Maupin, was a mere solicitor authorized to take applications for insurance, but with no power to make a contract of insurance. *Trask v. Ins. Co.*, 58 Mo. App. 431; *Trask v. Ins. Co.*, 53 Mo. App. 625; *Sternberg v. Ins. Co.*, 49 Mo. App. 264; *Guernsey v. Ins. Co.*, 17 Minn. 104; *Williams v.*

*Edwards*, 94 Mo. 447; 1 Wood on Insurance [2 Ed.], pp. 44, 46, 842.

No brief filed for respondent.

BOND, J.—Plaintiff's petition contains three counts, one of which was abandoned at the trial. The remaining two state, in substance: *First*. That plaintiff contracted with an agent of defendant, who was authorized to insure property pending the acceptance or rejection by the company of an application for insurance; that, by the terms of the contract between plaintiff and said agent so authorized, plaintiff's property was insured for $350, upon the consideration of the payment by plaintiff of $5.65, and the delivery to said agent of an application for insurance for the foregoing amount for three years, to be forwarded by said agent to defendant, such insurance to continue until defendant should accept or reject said application; that, before defendant acted upon said application, plaintiff's property was totally destroyed by fire, of which due notice was given; and, for the refusal of defendant to pay said $350, judgment is prayed. *Second*. That the application of plaintiff for insurance as above stated was accepted by defendant, wherefore judgment is prayed for the loss happening thereafter.

The answer was a general denial. Plaintiff's evidence tended to show that one T. C. Maupin solicited insurance of plaintiff for defendant, and, upon the delivery by plaintiff of an application for insurance and the payment of a cash premium, executed to plaintiff the following receipt.

"Received, of Eusebius Embree, application for insurance on (describing property insured); also, $5 cash as premium. Said application and money to be

returned to said Embree, if policy be not issued.    Policy to be sent by mail.

"T. C. MAUPIN."

That said agent thereupon told plaintiff his property was insured just the same as if he had his policy; that it might be two weeks before the latter would arrive; that about ten days thereafter, and before any acceptance or rejection of plaintiff's application for insurance by defendant, plaintiff's property was burned; that it was worth the amount of insurance mentioned, and due notice of loss was given and payment refused; and that said Maupin, after the fire, informed plaintiff that defendant had rejected his application and returned him the amount paid.    Plaintiff's evidence also tended to show that policies, which had been issued by defendant to others upon applications received through said Maupin, had been dated as of the time of application; and that such was the practice of defendant in issuing policies through other agents in the same county.

For defendant it appeared that Maupin had no authority, except that conferred in the following form:

"This certifies that ———, of ———, county of —— state of ———, hereby appointed agent of this Company, with authority only to receive and forward to this company applications for insurance, and to collect and transmit premiums therefor, said agent to be governed in all respects by the instructions to agents, which have been or may hereafter be issued by this company. And this company hereby expressly reserves the right, in all cases, to accept or reject any and all applications which may be received by said agent, and no such applications shall be binding upon the company until the same are approved and policy issued therefor."

There was no evidence of acceptance, by defendant, of the application of plaintiff.    The jury returned a verdict for plaintiff.    From a judgment thereon de-

fendant appeals, and assigns as error that its instruction in the nature of a demurrer to the evidence should have been given.

This assignment is well taken. The certificate of appointment of T. C. Maupin, *supra,* and the receipt given by him to plaintiff, disclosed that his authority as agent was merely to "receive and forward applications for insurance and collect premiums therefor," and that he was a mere soliciting agent without any authority to make contracts for insurance. Unless, therefore, his authority was enlarged by holding out or custom on the part of defendant, there is no basis for recovery in this action. As to this, it need only be said there is not a particle of testimony in the record which tends to establish any knowledge on the part of defendant that said agent assumed to act in any other manner than as limited in the certificate of appointment, *supra.*

The law is well settled that a mere soliciting agent of an insurance company, intrusted with the receipt of applications for insurance and premiums therefor, can not, without more, bind the company by his oral contract for present insurance pending the action of the company on the applications forwarded by him as agent. As the whole record shows, this was the only extent of authority confided to the agent, and as there is no evidence of ostentation of greater authority by defendant, the trial judge erred in not sustaining the demurrer to the evidence.

Judgment will be reversed. Judge ROMBAUER concurs. Judge BIGGS dissents.