SPRINGFIELD STEAM LAUNDRY COMPANY et al., Appellants,
v. TRADERS' INSURANCE COMPANY OF CHICAGO.

Division Two, June 26, 1899.

1. **Insurance: FORFEITURE: FORECLOSURE PROCEEDINGS.**  An insurance policy provided that it should become "absolutely void upon the commencement of proceedings for the foreclosure" of a deed of trust, which by its terms made the property subject to foreclosure if the taxes were permitted to become due.  *Held*, that under this positive language, unless the conditions were waived, the policy became void upon the advertisement of the property for sale under the deed of trust, notwithstanding the fact that the property was advertised for sale for a failure to pay the taxes, this sale enjoined, and subsequently the taxes paid and the injunction dismissed.

2. ———: ———: ———: WAIVER.  The policy in this case also provided that "neither the agent who issues this policy, nor any other person, except its secretary, has authority to waive, modify or strike from the policy any of its terms or conditions, and in the event that it becomes void by reason of a non-compliance with any of its terms or conditions the agent shall have no power to waive, modify or revive the same."  The evidence showed that the local agent had power to make contracts of insurance in the name of the company, to issue policies, to receive premiums therefor, and was clothed with all the authority of his principal with respect thereto; and that he was advised of the advertisement of the property for sale under the mortgage, and took no action toward the cancellation of the policy.  *Held*, that the local agent had the same authority to waive any condition of the policy that the company had, *and* that his conduct amounted to a waiver of the condition that the policy should become void "upon the commencement of proceedings for the foreclosure" under the deed of trust.  (Overruling Jenkins v. German Insurance Company, 58 Mo. App. 210, and Shoup v. Insurance Company, 51 Mo. App. 286.)

*Transferred from St. Louis Court of Appeals.*

REVERSED AND REMANDED  *with directions*).

HEFFERNAN & HEFFERNAN for appellants.

(1)   There was no proceeding to foreclose, or of sale within the terms of the policy simply by the advertisement. The advertisement is alone a proposition of sale and for bidders to appear at a contemplated sale.   There is no proceeding for the sale or for foreclosure until the property is put up for sale in accordance with the notice.   Sansum's Digest of Insurance Law, p. 673; Ins. Co. v. Lewis, 30 Mich. 41.   (2)   The defendant by its local agents could have waived this breach of policy, even if it was such.   He had no right to know that this proceeding was taking place, and at the same time give the plaintiff to understand that the policy would remain in full force.   Anthony v. Ins. Co., 48 Mo. App. 66; 11 Am. and Eng. Ency. of Law, note 3 and 7, p. 323; Hamilton v. Ins. Co., 15 Mo. App. 59; Barnard v. Ins. Co., 38 Mo. App. 106; Cromwell v. Ins. Co., 17 Mo. App. 109; Combs v. Ins. Co., 43 Mo. 148; Francis v. Ins. Co., 42 Mo. 456; Hayward v. Ins. Co., 53 Mo. 181; Breckenridge v. Ins. Co., 87 Mo. 62.   This is true although the policy provides that the agent can not change its terms or conditions or waive exceptions unless indorsed on the policy in writing.   11 Am. and Eng. Ency. of Law, pp. 338 and 339; Parks v. Ins. Co., 26 Mo. App. 536; Turner v. Ins. Co., 16 Fed. Rep. 454.   (3)   It having been found by the circuit court in the injunction proceedings that said notice of sale was unauthorized by the trustee, it was void, and therefore the policy was not avoided.   And even if its provisions were suspended for the time being by this proceeding, yet when it was over with, not having been revoked by any action of the defendant, the policy would revive in favor of the assured and become available and in full force.   Sansum's

Digest of Ins. Law, pp. 693 and 694; School District v. Ins. Co., 62 Me. 330; Overmyer v. Ins. Co., 43 Mo. 573; Brown v. Ins. Co., 54 Mo. 221; Ins. Co. v. Needle, 52 Ill. 53; Ins. Co. v. Walsh, 54 Ill. 164.

FYKE, YATES & FYKE for respondent.

(1) Appellant's contention that the loss payable clause made the general provision of the policy, as to foreclosure, not applicable "because it must be presumed that the insurance company knew there would be a foreclosure in the event of default by the mortgagor," is not tenable. Titus v. Ins. Co., 81 N. Y. 410; 1 Biddle on Ins., sec. 325; Moore v. Ins. Co., 36 N. E. Rep. 191; McKinney v.Ins. Co., 30 S. W. Rep.1004; Brunswick Sav. Inst. v. Ins. Co., 68 Me. 313 ; Ormsby v. Ins. Co., 58 N. W. Rep. 301; Kabrich v. Ins. Co., 48 Mo. App. 393. (2) The commencement of foreclosure proceedings avoids the policy. Ins. Co. v. Brown, 25 Atl. Rep. 992; Quinlan v. Ins. Co., 31 N. E. Rep. 31; McIntyre v. Ins. Co., 102 Mass. 230. (3) Appellant's contention that this policy was merely suspended upon the commencement of foreclosure proceedings, and that same revived when the injunction, which stopped the sale, was sued out, is in defiance of the plain contract provisions. The Overmeyer case, 43 Mo. 573, does not apply, for the reason that here we have a provision which was not in the Overmeyer contract, viz.: "nor in the event that this policy shall become void by reason of non-compliance with any of the terms or conditions thereof, shall the agent have power to waive, modify or revive the same, and any policy so made void shall remain void and of no effect, any contract by parol or otherwise or understanding with the agent to the contrary notwithstanding." It simply becomes a question in this case of enforcing this clear provision; that is all. (4) The fact that the commencement of foreclosure proceedings "was reported to and made known to the local agent of defendant," does not prevent a forfeiture. The policy lodges

Springfield Steam Laundry Co. v. Ins. Co.

in the secretary, in the city of Chicago, alone, power to waive and modify its terms and conditions. Jenkins v. Ins. Co., 58 Mo. App. 210; Sprague v. Ins. Co., 49 Mo. App. 423; Shoup v. Ins. Co., 51 Mo. App. 286; Wilkins v. Ins. Co., 45 N. W. Rep. 1; O'Brien v. Ins. Co., 31 N. E. Rep. 265; Kirkman v. Ins. Co., 57 N. W. Rep. 952.

BURGESS, J.—This is an action upon a policy of fire insurance.

At the time the policy was issued the property was mortgaged and the policy provided that any loss should be paid to the mortgagee.

The defense was that prior to the destruction of the property the conditions of the mortgage were violated and the property advertised for sale thereunder, and that by reason thereof the policy was invalidated and void at the time it was consumed by fire.

The cause was submitted to the court on an agreed statement of facts. The trial resulted in a judgment for defendant.

From this judgment plaintiffs appealed to the St. Louis Court of Appeals, where the judgment was affirmed, but because of the dissent by one of the judges of that court from the opinion therein rendered upon the ground of the opinion being in conflict with former decisions of this court, the case was certified to the Supreme Court.

The facts agreed upon are substantially as follows:

The property was owned by the Springfield Steam Laundry Company. The insurance was taken out by it, and by the terms of the policy the loss, in case of the destruction of the property, was to be paid to the mortgagee as his interest might appear. After the loss the claim was assigned by the mortgagee to the plaintiff Heffernan. The mortgage by its terms was subject to foreclosure if the taxes on the mortgaged property were permitted to become delinquent. This condition of the mortgage was broken, and by reason of it the trustee

advertised the property for sale as provided by the terms of the mortgage. The sale was enjoined. Subsequently the taxes were paid and the injunction proceedings dismissed. A short time thereafter the fire occurred. The policy contained this provision, to wit: "If the property be sold, transferred, or is or becomes incumbered by mortgage or trust deed, or by judgment, tax or mechanics' lien, *or upon the commencement of proceedings for its foreclosure or sale,* or levy thereon by a law officer, or upon its passing into the hands of a receiver or trustee, or if this policy be assigned before a loss, then, and in every such case, this policy shall, without the written consent of this company thereto be indorsed hereon, *become absolutely void.*" Another condition of the policy is as follows: "It is further understood and agreed, and made a part of this contract, that neither the agent who issued this policy, nor any other person, except its secretary in the city of Chicago, has authority to waive, modify or strike from the policy any of its terms and conditions, . . . nor in the event that this policy shall become void by reason of non-compliance with any of its terms or conditions thereof, shall the agent have power to waive, modify or revive the same, and any policy so made void shall remain void and of no effect, any contract by parol or otherwise or understanding with the agent to the contrary notwithstanding." It was further agreed that the local agent of the defendant, who issued the policy, had notice of the advertisement of the property for sale and the subsequent proceedings in reference thereto.

The court of its own motion declared the law to be that under the law and agreed statement of facts the plaintiff is not entitled to recover.

The first question for consideration is as to whether or not the advertisement of the property for sale under the deed of trust was the commencement of foreclosure proceedings within the meaning of the terms of the policy; if so, by one of its express provisions the policy became void and of no effect.

The case of Michigan Ins. Co. v. Lewis, 30 Mich. 41, was an action upon a policy of fire insurance in which it was provided that "in case of any transfer or termination of the interest of the insured, or any part of his interest, in the property hereby insured, either by sale, contract or otherwise, or in case any mortgage, lien or incumbrance shall be executed thereon, or shall attach thereto, or if the title thereto shall be in any way changed or affected after the date of this policy, or if any proceedings for sale thereof shall be had, commenced or taken, or if the title thereto shall be or become less than an absolute and perfect one, without such consent, this policy shall from thenceforth be void and of none effect." In that case as in the case at bar the only steps taken towards a foreclosure of the mortgage was to advertise the property for sale, in accordance with its provisions, and the supreme court in its opinion in passing upon the question as to whether or not the advertisement of the property for sale, was a "proceeding for sale" within the meaning of the policy said: "The words seem to us to be satisfied by confining them to the actual offer of the premises for sale at the time specified in the notice. In strictness it may be said that such an offer is the first proceeding for a sale; the previous notice is only a step which is to put it in the power of the mortgage to make a sale at the time fixed upon if payment shall not sooner be made. The notice, in a certain sense, is undoubtedly a proceeding for a sale, and so would be the commencement of a suit in equity; either proceeding may possibly result in a sale; but while either method of foreclosure is in progress, and before the right to make a sale has been reached, it is in substance rather a proceeding for the collection of the mortgage moneys than a proceeding for a sale. And it can never be known until the day fixed in the notice shall arrive without actual payment being made, that a sale can take place at all."

While we are fully satisfied that the rule announced in that case, as we understand it, and, which is applicable to this,

that is, that the advertisement of the property for sale under the mortgage was a commencement of proceedings for its foreclosure, or sale of the mortgaged property within the meaning of the policy, was a breach of its conditions and rendered it invalid unless the breach was waived, yet when the facts that the amount of taxes due upon the property was so small as compared with its value, that the sale was enjoined and the taxes paid, and the proceedings to sell finally abandoned, are considered, we should not be inclined to hold the policy forfeited, because it would be most unreasonable and unjust to do so, if it were not for the fact that it was expressly provided in the policy that it should become absolutely void upon the commencement of proceedings for the foreclosure of the mortgage. The proceedings were commenced in consequence of the failure of the assured to pay the taxes on the property according to the terms of the agreement, and this court has no power in the absence of fraud or mistake to relieve plaintiff from the obligations of its contract. If parties will make such contracts they have no right to expect courts to disregard the law in construing them. Such provisions are not however infrequent.

Titus v. Glens Falls Ins. Co., 81 N. Y. 410, was an action upon a fire insurance policy containing a condition declaring it void in case foreclosure proceedings were commenced against the mortgaged property on a mortgage covering it, which were prosecuted to judgment. Held that the foreclosure proceedings forfeited the policy. The court said: "A provision that a policy shall be void in the case of foreclosure proceedings is common in insurance policies, and we must assume that experience has shown to underwriters that such proceedings increase the risk to the insurer. The defendant might have been willing, for the premium charged, to insure this barn with the mortgage upon it, and yet not willing to insure it in case of proceeding to foreclose the mortgage. It did assent to the mortgage, and agree that the loss,

if any, be paid to the mortgagee, but it did not assent to continue the insurance in case the risk was increased by proceedings to foreclose the mortgage. Before commencing the foreclosure the plaintiff should have obtained the assent of the defendant. It might have examined the circumstances and granted such assent without any conditions, or it might have required an additional premium for the increased risk. It might have refused altogether, and in that case the plaintiff could have delayed his foreclosure until the end of the year, or surrendered the policy and procured insurance elsewhere. Even if the provision were found to be very inconvenient and embarrassing, there is no help for it. There it is, and we can not take it out of the policy by construction. There are two provisions: One, that liens, without the assent of the company, shall avoid the policy; and another, that foreclosure proceedings shall avoid it; and effect must be given to both. According to the construction contended for on the part of the plaintiff, the latter provision would be wholly useless or nullified in every case, because all liens avoid the policy unless assented to; and according to that construction, when assented to, foreclosure proceedings may be instituted without avoiding the policy. If such proceedings may be instituted as incident to the mortgage, then they may be carried to their conclusion by a sale and conveyance, and thus by assenting to a mortgage, a company may be held to have assented to a change of title of the insured property. Such a construction is unreasonable and unwarranted."

The case of the Merchants Insurance Company v. Brown & Sons, 77 Md. 79, was a suit on an insurance policy which contained a clause making the policy void, "if with knowledge of the insured, foreclosure proceedings be commenced, or notice be given of sale of any property covered by this policy, by virtue of any mortgage or trust deed." The property was advertised and sold under the provisions of the mortgage, and

in an action on the policy it was held that the advertisement of the mortgaged property for sale, as provided by the mortgage, was the commencement of foreclosure proceedings within the meaning of the policy, and rendered it void.

But it is claimed that even if the policy was forfeited, the forfeiture was waived by defendant's local agent. The evidence showed that the agent had power to issue policies, that he was advised of the advertisement of the property for sale under the mortgage, and that he took no action towards the cancellation of the policy.

Defendant's agent was authorized to make contracts of insurance in the name of his principal and to issue policies, and receive premiums therefor, and was clothed with all the authority of his principal with respect thereto, and the question is whether under such general power he was authorized to waive a forfeiture of the policy under the restrictions and limitations therein contained.

Upon this question the authorities are in great conflict, the trend of the more recent being in favor of the power of a general agent to waive a forfeiture notwithstanding the policy provides that only a certain person can waive it.

The question was before the Supreme Court in the recent case of James v. Mutual Reserve Fund Life Ass'n, 148 Mo. 12, which was an action upon a policy that expressly provided that "no contract, alteration or discharge of contract, waiver of forfeitures, nor granting of permits or credits shall be valid unless the same shall be in writing, signed by the president or vice-president and one other officer of the association," and it was held, that the agent of the company might waive a forfeiture for non-payment of a premium, though the policy expressly stated that no waiver should be valid unless in writing, signed by an officer of the company. [Parsons v. Knoxville Fire Ins. Co., 132 Mo. 583.]

In treating of this subject in 1 Joyce on Insurance, sec. 439, it is said: "We deduce, however, the rule, that the tendency of the weight of authority at the present day is

against making restrictions in the policy upon an agent's authority conclusive upon the assured and that the company, or any agent with general or unlimited powers, clothed with an actual or apparent authorization, may either orally, or in writing, waive any written or printed condition in the policy, notwithstanding such restrictions, and many cases apply this rule, even though the policy provides that a distinct specific agreement shall be indorsed thereon, or otherwise prescribes a particular mode of waiver or that only certain persons can waive, and there would be no valid reason why if the agent may waive the restriction in the first case he may not in the latter, for such restrictions are declared to be ineffectual to limit the legal capacity of the company to bind itself by waiving conditions of the policy through an agent acting within the real or apparent scope of his authority." [Weed v. Lancashire Fire Ins. Co., 116 N. Y. 117.]

It is now well settled in this State that a general agent of an insurance company may waive proofs of loss, as well as forfeitures or policies obtained by means of false representations as to the condition of the property insured or for the non-payment of premiums,—notwithstanding it is expressly provided in the policy, that only certain persons can waive such things (Nickell v. Ins. Co., 144 Mo. 420, and authorities cited) and we can see no reason why the same rule should not apply in case of forfeiture of the policy for any other violation of its provisions.

As the views we have expressed are not in accordance with the rulings in Jenkins v. German Insurance Company, 58 Mo. App. 210; and Shoup v. Ins. Company, 51 Mo. App. 286, those cases should not longer be followed.

For these considerations we reverse the judgment of the court of appeals and remand the cause to that court with directions to enter up judgment reversing the judgment of the circuit court and remanding the cause to that court for further trial.

GANTT, P. J., and SHERWOOD, J., concur.