R. J. ORMSBY, Respondent, v. LACLEDE FAR-
MERS' MUTUAL FIRE AND LIGHTNING IN-
SURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, February 16, 1903.

1. **Insurance: EVIDENCE: ACTS OF SOLICITING AGENT.** The acts and declarations of the soliciting agent of an insurance company while writing the application for insurance are the acts and declarations of the company itself, and this applies to farmers' mutual insurance companies.

2. ———: ———: ———: **DEFENSE: ESTOPPEL.** The insured informed the agent that he had sold the property, and the agent said the policy would remain in force until the deed was delivered. *Held*, the company was bound by the declaration, and especially if the insured acted upon such representation the company is estopped.

3. ———: **INSTRUCTION: INCUMBRANCE: OTHER DEFENSES.** An instruction telling the jury to return a verdict for the plaintiff if they found certain facts in regard to an alleged incumbrance, thereby ignoring the other defenses, is condemned; and other instructions containing similar faults are likewise condemned.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,*
Judge.

REVERSED AND REMANDED.

*Harry K. West* for appellant.

(1) The judgment in this case is wrong and should be reversed without remanding for the reason that all the evidence on both sides shows that the plaintiff is not entitled to recover. (2) The defendant is a farmers' mutual fire and lightning insurance company incorporated under article 10 of chapter 119, Revised Statutes 1899. Being a corporation so organized and existing, it is exempt from the provisions of chapter 119, applicable to general insurance companies. This exemption

is in express words in section 8079. (3) The court erred in overruling the defendant's motion to strike out a part of the defendant's reply. (4) The court erred in giving plaintiff's instructions 2, 3 and 4. The plaintiff's instructions number 2 relates solely to the defense founded on the plaintiff's misrepresentation as to the incumbrance on the insured property. It wholly ignores the other defenses set up in the answer. Bank v. Murdock, 62 Mo. 70; Link v. Weslermon, 80 Mo. App. 592; Bank v. Metcalf, 29 Mo. App. 384-395.

*C. C. Bigger* for respondent.

(1) Mutual insurance companies are subject to the same general principles as to waiver and estoppel by the knowledge and conduct of the agents and officers, as applied to ordinary insurance companies. Williams v. Ins. Co., 73 Mo. App. 607; Cagle v. Ins. Co., 78 Mo. App. 431; Rickey v. Ins. Co., 79 Mo. App. 485. (2) If the application for insurance was signed by the plaintiff in blank, and if at that time or prior thereto, he had informed the secretary of the defendant of the incumbrance on the property upon which the policy was issued and that defendant's secretary thereafter filled up the application and in doing so, failed to correctly set forth the facts therein as he had been by the plaintiff informed and as he knew them to be; then such knowledge on the part of the secretary was the defendant's knowledge, and it can not, after a loss has occurred, be heard to disprove the truth of its own statements, as contained in the application. Shell v. Ins. Co., 60 Mo. App. 644; Cagle v. Ins. Co., 78 Mo. App. 431; Rickley v. Ins. Co., 79 Mo. App. 485; Montgomery v. Ins. Co. 80 Mo. App. 500; Rissler v. Ins. Co., 150 Mo. 366. (3) The answer charged the contract for a sale of the premises to be made March 1, 1902, as a breach of the conditions of the policy. Plaintiff by his reply admitted the contract but pleaded as a waiver of said alleged breach,

that he had on the same day notified the defendant's secretary of the contract of sale and that he was informed that it did not affect the policy of insurance and that the defendant would be liable for any loss under the policy until the deed of conveyance was made and that plaintiff relied on such representations of the defendant's secretary. This constituted a waiver of said alleged breach. Laundry Co. v. Ins. Co., 151 Mo. 90; Hayward v. Ins. Co., 52 Mo. 181; Schmidt v. Ins. Co., 2 Mo. App. 339; Franklin v. Ins. Co., 42 Mo. 456; Combs v. Ins. Co., 43 Mo. 148; Williams v. Ins. Co., 73 Mo. App. 606. (4) The instructions given on behalf of plaintiff correctly state the law, and when read together, as should be done, they fairly present to the consideration of the jury all material issues in the case raised by the pleadings and evidence. Meade v. Railroad, 68 Mo. 92; O'Connell v. Railroad, 106 Mo. 482; Owens v. Railroad, 95 Mo. 169; Hughes v. Railroad, 127 Mo. 447; Bank v. Hatch, 98 Mo. 376; Schaaf v. Fries, 77 Mo. App. 346.

BROADDUS, J.—This is a suit on a fire insurance policy. The property insured was a dwelling house situated on the plaintiff's farm. The defendant is a farmers' mutual insurance company incorporated under article 10 (ch. 119), Revised Statutes 1899. The petition is in the usual form. The answer, after admitting defendant's corporate existence and interposing a general denial except as to matters not therein afterwards admitted to be true, sets up the following specific defenses: That by the terms of the policy itself a written application of plaintiff for insurance was made a part thereof, as well as the by-laws of the defendant's organization; that the plaintiff in his said application falsely and fraudulently warranted that said property insured was free and clear of incumbrances, when in fact it was incumbered by a valid deed of trust for $1,000; that the plaintiff in his said application also fraudulently and falsely warranted and represented that he had never suffered loss by fire

when in fact he had suffered such loss to the amount of $500; and that after he had entered into said contract he had made a valid contract for the sale of said property to one J. I. Hamilton. It further pleads as a defense that plaintiff by his proof of loss furnished to the defendant falsely and fraudulently represented to the defendant that he was the sole and unconditional owner in fee of the insured property, and that the same was free from incumbrances. By all of which defendant claims the policy became void.

The plaintiff in reply admits making the application but pleads that it was prepared by one H. E. Maybee, defendant's secretary, who wrote all the questions and answers therein, and that he (plaintiff) signed it without reading or knowing its contents; he admits that the land was incumbered by a deed of trust for $1,000, but claims that said Maybee was informed of that fact when the application was made; he also admits that after obtaining the policy of insurance he entered into a contract to sell the insured property to one Hamilton, but alleges that immediately after making said contract of sale he informed said Maybee of the fact; that said Maybee thereupon told him the sale would make no difference and that the policy would remain in force until he delivered his deed for the property to said Hamilton. The reply then sets up that after his loss, one Cady, who was also insured by defendant, sustained a loss by fire for which plaintiff was assessed $1.25 to pay his proportionate share of said Cady's loss, which he paid. And that at the time of said assessment and payment the defendant was aware of all the said breaches of the policy set up in its answer.

The defendant moved to strike from plaintiff's reply the allegations therein, except that part which admitted the facts as set out in defendant's answer, for the following reasons, viz.:

First. Because the matters pleaded do not constitute a reply.

Second.   Because the facts pleaded do not show a waiver of the conditions of the policy.

Third.   Because that part of the statement of the secretary, Maybee, "that the contract of sale made by plaintiff would make no difference and that the policy would remain in force until the delivery of his deed to the purchaser," did not amount to a representation of a fact but only an expression of an opinion as to the law, or a conclusion of law.

The court overruled the motion.   The finding and judgment were for the plaintiff.

On the trial of the case the plaintiff introduced evidence tending to sustain all the allegations in his reply, and the defendant introduced evidence tending to disprove all such allegations.   The law in dispute, therefore, arose both on the motion to strike out the reply and on the evidence.

The law governing the question whether the matters set out in plaintiff's reply constitute a waiver upon the part of the defendant, has been elaborately reviewed at this term of court in an opinion by Judge SMITH in the case of Langford v. Mercantile Mut. Ins. Co.   The law is also stated in Springfield Laundry Co. v. Ins. Co., 151 Mo. 90.   The first is the latest expression on the subject by the Court of Appeals and the latter by the Supreme Court, and the rule seems now to be well settled that the acts and declarations of the soliciting agent for an insurance company while writing the application for insurance are the acts and declarations of the company itself.   And in Laundry Co. v. Ins. Co., supra, it was held that, "the local agent had the same authority to waive a condition of the policy that the company had."   Applying the law as thus stated to the matters set up in plaintiff's reply, we do not think there was any error committed by the court in overruling defendant's motion to strike said matters from said reply, and because the defendant is a farmers' mutual insurance company under article 10 of chapter 119, Revised Statutes

1899, does not prevent the principle from applying for the very apparent reason that the decisions are not predicated upon the fact that statements and representations were not material to the risk, but because as such they had been waived by the act of the agent, which was the act of the company itself.

In reference to the statement made by the agent to the plaintiff after he had notified said agent that he had sold the premises to Hamilton, that it would make no difference as the policy would remain in force until he made a deed to Hamilton, we hold that the defendant was bound as much thereby as if a resolution had been passed by defendant's board of directors to that effect; for whatever the defendant might do its agent could do, under the decisions referred to. Especially is this true if the insured had acted upon such representation of the agent as was shown the plaintiff did in this case. The defendant was estopped by the act of its agent.

The defendant objected to instruction number two given on behalf of the plaintiff for the reason that it wholly ignores the other defenses in issue and because it tells the jury if they find a certain fact with respect to the incumbrance, then they are to find for the plaintiff. This instruction was erroneous in that regard, for the plaintiff would not be entitled to a verdict alone upon a finding that defendant had waived the incumbrance on plaintiff's property, for he must also show that all the other representations were waived, as the policy would stand forfeited if it was shown that any one of them had not been waived by defendant.

And the same objection stands good as to instructions numbered three and four given for the plaintiff. Under these instructions the jury was authorized to find for the plaintiff upon waiver of one cause of forfeiture alone, notwithstanding there may have been no such waiver upon other grounds of forfeiture which were in issue on the pleading and evidence.

For the error contained in said instructions the cause is reversed and remanded. All concur.