R. J. ORMSBY, Respondent, v. LACLEDE FARM-
ERS' MUTUAL FIRE AND LIGHTNING
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1904.

INSURANCE: Representations: Warranties: Agents Filling Out
Application. Where the agent secures the insured to sign a
blank application and he fills out the blanks therein, and
though the insured afterwards signed the same without know-
ing what they were, such statements become those of the in-
surer and he is estopped to claim them as warranties.

Appeal from Linn Circuit Court.—*Hon. J. P. Butler,*
Judge.

AFFIRMED.

*O. F. Libby* and *Harry K. West* for appellant.

(1) Defendant asked but one instruction, which
was a peremptory instruction to find for the defendant.
This instruction should have been given. The defend-
ant is a Farmers' Mutual Fire and Lightning Insur-
ance Company incorporated under article 10 of chap-
ter 119, Revised Statutes of Missouri, 1899. Being a
corporation so organized and existing, it is exempt
from the provisions of chapter 119, applicable to gen-
eral insurance companies. This exemption is in ex-
press words in section 8079. This being true, sections
7973, 7974, 7975 and 7976 do not apply to the contract
of insurance sued on in this case. (2) Our sole con-
tention on this branch of the case is that the contract
of insurance in this case makes the statement contained
in the application warranties and that companies of this
kind are exempt from the provisions of the statute
which construes them to be representations only.

These being warranties, and one of the warranties being broken, the policy is forfeited, no matter whether the warranty be material or not. 16 A. & E. E. of Law (2 Ed.), p. 920; Insurance Co. v. Barnett, 73 Mo. 364; Aloe v. Insurance Co., 147 Mo. 561; Joyce on Insurance, sec. 1962; Warren v. Insurance Co., 72 Mo. App. 188; Gibson v. Insurance Co., 82 Mo. App. 515.

*C. C. Bigger* for respondent.

(1) The undisputed evidence, in this record, shows that plaintiff signed the application for the policy sued on, in blank, and that it was afterwards filled up, in the absence of plaintiff, by H. E. Maybee, secretary of the defendant, who was also its soliciting agent, without direction or information from plaintiff, and further, that plaintiff, at no time, had any knowledge of its contents. This being true, the defendant is now estopped to dispute the truth of the statements and representations contained in the application. Shell v. Insurance Co., 60 Mo. App. 644; Cagle v. Insurance Co., 78 Mo. App. 431; Rickey v. Insurance Co., 79 Mo. App. 485; Montgomery v. Insurance Co., 80 Mo. App. 500; Rissler v. Insurance Co., 150 Mo. 366; Langford v. Insurance Co., 97 Mo. App. 79. (2) It is also shown by the undisputed evidence in this record, that at and prior to the time when the application was signed in blank by plaintiff, and thereafter filled up by defendant's secretary, who solicited the insurance and issued the policy, that plaintiff had fully informed defendant's said secretary of the incumbrance on the premises, and with this knowledge, on the part of the secretary, the policy was issued. This constituted a complete waiver of said alleged breach. Authorities supra. Ormsby v. Insurance Co., 72 S. W. 139.

ELLISON, J.—This is an action on a fire insurance policy. The judgment was for plaintiff. The

cause was here on another occasion and will be found reported in 98 Mo. App. 371. It was there reversed and remanded on account of errors in instructions for the plaintiff. It was again tried and errors before pointed out were avoided. At the last trial the only witness was the plaintiff himself. The other evidence for plaintiff consisted of the policy. Defendant only introduced the application and the defendant's by-laws, and its only instructions offered were demurrers, one at the close of the case for plaintiff and one at the final close. Both were refused. These demurrers conceded the truth of plaintiff's testimony.

The defense is not an attack upon the truth of the testimony, but its sufficiency to sustain the judgment. Defendant insists that its demurrers should have been given on the ground that plaintiff by his application stated that he had not had any fire previous to the present policy and that he warranted such statement to be true. Defendant insists that the warranty is binding absolutely, whether material to the risk or not. That the statute, sections 7973-7976, Revised Statutes 1899, which makes of warranties mere representations, unless they are material to the risk, does not apply to farmers' mutual companies. Section 8079. It is not necessary, in this case, to discuss or decide that proposition. The reason is this. It appears without dispute that defendant's agent who procured the insurance and who took the application had plaintiff to sign it in blank and leave it with him. That he then afterwards himself filled it out. That the statements now relied upon by defendant as warranties to defeat the policy were not plaintiff's statements, but were those of the agent. That although he signed the application as afterwards presented to him by the agent he had nothing to do with the statements therein contained and did not know what they were. These facts make the statements in the application the statements of the de-

fendant itself and not this plaintiff, and it is estopped to claim them as warranties. Ins. Co. v. Wilkinson, 13 Wall. 222; Rowley v. Ins. Co., 36 N. Y. 550. We made a decision to the same effect in Thomas v. Ins. Co. 20 Mo. App. 150 and in Shell v. Ins. Co., 60 Mo. App. 644. And so did the Supreme Court in Combs v. Ins. Co., 43 Mo. 148, and other cases.

So, in point of fact, the ground upon which defendant asked its peremptory instruction is without support.

The judgment being manifestly for the right party, and as no other judgment could have been rendered on the facts shown, it will be affirmed. All concur.