NORMA M. KRING, Respondent, v. GLOBE FAR-
MERS' TOWN MUTUAL FIRE, TORNADO, CYC-
LONE AND WINDSTORM INSURANCE COMP-
ANY OF ROCKPORT, MISSOURI, Appellant.

**Springfield Court of Appeals, December 22, 1916.**

1. INSURANCE: Fire Insurance Policy: Stipulations in: For-
feiture. Action on fire insurance policy. The terms of the policy
expressly stipulated that the procuring of other insurance should
render void such policy. The insured shortly after the issuance
of the policy procured additional insurance. The original policy
was void, absent waiver on the part of the company.

2. ————: Agent of Company: Acts and Knowledge of: When Bind-
ing on Company. A soliciting agent of an insurance company
without power to issue policies is the company's agent in taking
applications with full power and authority as to such applications
and acts which he performs and knowledge which he receives and
acts on or in connection with such applications are binding on
the company.

3. ————: Town Mutual Fire Insurance Companies: Statutes. By
the provisions of section 7166, R. S. 1909, no officer, agent or
other employee of town mutual life insurance companies is author-
ized to waive any conditions of the application or policy of such
company, unless such waiver be reduced to writing upon the ap-
plication and policy or attached thereto in writing and consented
to by the secretary in writing.

4. ————: Breach of Conditions: Agent's Knowledge: When Not a
Waiver. Action against a town mutual fire insurance company
on policy. The mere knowledge by the local agent of such company
of a remark made by the insured after the issuance of the policy
that the insured had taken out additional insurance in another
company which remark was not communicated to the company by
the agent was not a waiver by the company of the breach of the
policy's provision that additional insurance should not be taken
out.

Appeal from Jasper County Circuit Court.—*Hon. David
E. Blair,* Judge.

REVERSED AND REMANDED.

*Fyke & Snyder* and *Shannon & Esterly* for appellant.

*Mahew & Sater* and *R. A. Mooneyham* for respon-
dent.

STURGIS, J.—The defendant appeals from a judgment against it on a fire insurance policy and assigns as error the refusal of the trial court to sustain a demurrer to plaintiff's evidence. The property insured and destroyed by fire, a dwelling house, was located in Monett, Missouri. It is alleged and admitted that defendant is a town mutual fire insurance company organized and doing business under the laws of this State. The policy was issued by defendant at its home office on plaintiff's application taken by its local soliciting agent. The policy contains these provisions: "If the interest of the insured in the property be other than unconditional and sole ownership, or if there by any prior or *subsequent* insurance valid or invalid, *this entire policy shall be void. . . .* This policy shall not cover vacant or unoccupied buildings, and if the premises insured shall be vacant or unoccupied for more than five days without the consent of this company endorsed hereon, then this policy shall be void. This policy is made and accepted by the members of this company or association upon the within express agreements and conditions and the written application and warranties therein contained shall be taken as and binding upon the insured. No person shall have power to waive any of the conditions of this contract either before or after a loss except the Secretary, who is the General Manager of the Underwriting Department, and then only in writing duly signed by such officer and attached to and made a part thereof, and it is understood this company will not be bound by any statements made by or to any soliciting, recording agent or adjuster of this company which is not contained in the written application hereof, or in this policy." The policy was delivered to plaintiff by mail and is not required to be and was not countersigned by the local agent. The policy sued on is for $500 and it is admitted that shortly after it was issued the plaintiff procured another policy in the St. Paul Fire & Marine Insurance Company for $500 which was in force at the time of the fire. The taking out of this other insurance is a plain violation of the terms of the policy making it void (Rogers v.

Ins. Co.), 185 Mo. App. 267, 136 S. W. 743) and the plaintiff seeks to avoid this result by proof of a waiver in that she notified the soliciting agent of such fact.

The evidence shows that plaintiff first applied for $1400 insurance in defendant company and that defendant issued and delivered to her a policy for that amount. A few days later she was requested by letter from defendant to return this policy which she did. This letter to her is not in evidence, but plaintiff says the company claimed that there was some mistake made in issuing it. The defendant thereupon issued a new policy in lieu of the one returned, being the policy now in question, and mailed it to plaintiff, together with a check for the difference in the premium, and these the plaintiff accepted. Plaintiff testified that she did not tell the local agent of the request for the return of the first policy, but on receiving the second one for the smaller amount she notified the local agent, who said he would write the company about it. Shortly afterwards, she says, the local agent told her that the defendant had made a mistake and that she could get the full $1400 insurance. To this she replied that she had already taken out this other policy, and so the matter was dropped. It will thus be seen that plaintiff did not even ask the local agent for permission to take out additional insurance, though she knew that defendant had reduced the amount she had applied for to $500, and only in an incidental way did she inform the local agent of such fact without request or expectation that he would notify his company or get its consent for additional insurance. It is probable that she paid no attention to the terms of the policy and thought she could insure where and to what extent she pleased.

The agent in this case was a mere soliciting agent without power to make contracts of insurance or to issue policies by countersigning same. From what appears he only had authority to take the application for insurance and send same to the company. His connection with the matter then ceased, and it was then for the company to say whether it would issue any policy and

if so for what amount and on what terms and conditions. The case is readily distinguishable from those where the local agent is, by reason of his authority to make contracts of insurance by issuing policies, clothed with the powers of a general agent in respect thereto and can waive forfeiture provisions of the policy either directly or by knowledge and acquiescence in their violation. [Springfield Laundry Co. v. Ins. Co., 151 Mo. 90, 98, 52 S. W. 238; Riley v. Ins. Co., 117 Mo. App. 229, 232, 92 S. W. 1147; Thompson v. Ins. Co., 169 Mo. 12, 68 S. W. 889.]

It is also settled law that a soliciting agent of an insurance company without power to issue policies is the company's agent in taking applications with full power and authority as to such applications and that acts which he performs and knowledge which he receives and acts on in connection with such applications are binding on the company. [Ormsby v. Ins. Co., 98 Mo. App. 371, 72 S. W. 139; Ormsby v. Ins. Co., 105 Mo. App. 143, 79 S. W. 733; Farber v. Ins. Co., 191 Mo. App. 307, 326, 177 S. W. 675; Ross-Langford v. Ins. Co., 97 Mo. App. 79, 85, 71 S. W. 720.]

We know of no case, however, and are cited to none, holding that the mere knowledge by a soliciting agent, acquired after the application has been taken and acted upon by the company and uncommunicated to such company, that the insured has violated a condition of the policy, will be considered the knowledge of the company and work a waiver by acquiescence. With reference to this particular kind of insurance companies we have a statute, section 7166, Revised Statutes 1909, providing that "No officer, agent or other employee of town mutual fire insurance companies shall be authorized to waive any conditions of the application or policy of such company, unless such waiver be reduced to writing upon the application and policy or attached thereto in writing and consented to by the secretary in writing." This statute is in strong contrast with section 7047, Revised Statutes 1909, applying to agents of nonresident insurance companies. The statute just

quoted is the law of the State and in and of itself gives notice to all persons dealing with this class of insurance companes of the limitations placed on the authority of its agents. [Ross-Langford v. Ins. Co., supra.] While this statute as held in the last mentioned case is for the benefit of the insurance company and may be waived by it, it might be contended, with some force at least, that mere knowledge by the soliciting agent of such a company at the time of taking the application of additional insurance then on the property, and uncommunicated to the company, would not work a waiver by the company. That question is not before us and we express no opinion thereon. We hold no more than that such uncommunicated knowledge, obtained after the policy has been issued and in no wise connected with the application, is not a waiver by the company. [Sheets v. Ins. Co., 153 Mo. App. 620, 629, 631, 135 S. W. 80; Trask v. Ins. Co., 53 Mo. App. 625; Embree v. Ins. Co., 62 Mo. App. 132; Lavin v. Grand Lodge, 104 Mo. App. 1, 18, 78 S. W. 325.] Much the same question is presented as to the property being vacant, but since this disposes of the case that question need not be further noticed.

The court erred, therefore, in not directing a verdict for defendant. The plaintiff testified that the local agent said he would write to defendant to issue additional insurance up to $1400 and that shortly thereafter the agent told her the defendant would do this. It may be, therefore, that plaintiff can prove that defendant, after issuing the policy in suit did again consent to issue insurance up to $1400 and so wrote the local agent. If so this would be giving its consent for additional insurance, and the fact that the additional insurance was taken in another company would make no difference. The case will therefore be reversed and remanded.

*Farrington, J.,* concurs; *Robertson, P. J.,* not sitting.