HENRY M. PATTERSON, Respondent, v. AMERICAN INSURANCE COMPANY OF NEWARK, Appellant.

**Kansas City Court of Appeals, June 3, 1912.**

1. **INSURANCE, FIRE: Vacancy Permit: Waiver.** Plaintiff sued on a policy of fire insurance for loss sustained by fire to his farm dwelling. At the time of the fire the house was vacant. The plaintiff, some time prior to the fire, upon hearing that the house was vacant, wrote to the insurance company's agent

to issue a vacancy permit, but none was issued. The policy contained a provision that if the premises should become vacant, without the consent of the company's agent, the policy should be void. *Held*, that on receipt of the notice the company was bound to act with reasonable despatch and either issue the requested permit or cancel the policy and return the premium.

2. ———: **Evidence: Forfeiture.** It is error to admit evidence of an oral agreement that a future breach of an insurance contract by the insured will be condoned and not allowed to terminate the policy, as such agreement will not constitute a waiver of a future breach.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED.

*Fyke & Snider* for appellant.

The property insured was vacant and unoccupied when destroyed, and under the terms of the policy defendant was relieved from any liability on that account. Hoover v. Ins. Co., 93 Mo. App. 111; Cook v. Ins. Co., 70 Mo. 610. It was error to overrule defendant's objection to plaintiff's evidence as to conversations in August, 1906, and the testimony of plaintiff that defendant's agent then stated he would see to, or arrange vacancy permit "in case" the house subsequently became vacant. Rogers v. Ins. Co., 155 Mo. App. 277. There was evidence tending to show exhibit "D" was not received by defendant's agent and the question of notice thereby, should have been submitted to the jury under proper instructions and instruction 3 asked by defendant should have been given. Pennypacker v. Ins. Co., 8 L. R. A. (Iowa) 236; Ins. Co. v. Heath, 69 S. W. 235; Ward v. Trans. Co., 119 Mo. App. 88. There are no elements of vexatious refusal to pay in this case inferable from the facts in evidence or any of the circumstances of the case and no support for the allowance of penalty or attorney's fee herein. Rogers v. Ins. Co., 157 Mo. App. 671; Blackwell v. Ins. Co., 80 Mo. App. 78.

*Reed, Yates, Martin & Harvey* for respondent.

JOHNSON, J.—This is a suit on a policy of fire insurance issued February 5, 1905, to H. S. Flanders, on a farm dwelling. In August, 1906, plaintiff became the owner of the property and the assignee of the policy. February 10, 1908, the dwelling was destroyed by fire and defendant refused to.pay the loss on the ground that plaintiff had allowed the house to become vacant and to remain so without obtaining a permit from defendant continuing the policy in force. This suit followed.

The petition is in the usual form. The answer pleads the following special defense: "Further answering defendant alleges it is provided in said policy as follows: 'It is agreed that if any of the above mentioned buildings be or become vacant and unoccupied without the consent of the Western Manager of this company endorsed hereon then this policy shall be null and void.' Defendant alleges that after said policy was issued and before the fire the building. described in said policy became vacant and unoccupied and said building was so vacant and unoccupied at the time of the fire and had been vacant and unoccupied for a long time prior thereto, all without the consent of the Western Manager of the defendant endorsed on said policy, by reason whereof defendant says said policy became and is null and void."

The reply is a general denial. Plaintiff prevailed in the circuit court where he recovered judgment for the amount of the insurance, the statutory penalty for a vexatious refusal to pay and his attorney's fees assessed at $150. Defendant appealed.

The policy contains the stipulation pleaded in the answer and it is conceded tht the house was vacant about two months before the fire. Plaintiff lived in Oklahoma and had an agent in Independence to look after the farm which is in the vicinity of that city.

Plaintiff testified that on January 17, 1908, he received information from his agent that the tenant who had been occupying the house had moved away and that on January 21, 1908, he mailed the following letter to defendant's agent át Independence through whom he had transacted business with defendant:

"I have been informed that my house upon which I hold American insurance policy has become vacant. Please see that the vacancy permit be placed."

Plaintiff does not claim to have received an answer to this letter and defendant's agent denies receiving it. About two weeks after the fire, plaintiff wrote defendant's agent: "Yours of recent date was duly received, replying will state that adverse to your understanding I was not aware that the house in question was vacant until about the time that the fire occurred, this being the case along with circumstances as named in previous letter, I am unable to see where I am at fault."

And under date of February 13, 1908, three days after the fire, plaintiff wrote his own agent at Independence the following letter: "Yours of 10th at hand saying that my house has burned down. Have you gotten any particulars in the case since writing. Now, Mr. Noland I want you to give me the two following points, namely, how long has the house been vacant, and have you had a vacancy permit on, or did you have a vacancy permit on when the house burned. Please write me these questions by return mail—and don't say a word to the insurance agent about this as it may cut a figure in the way of getting my insurance."

In September, 1906, defendant had issued a vacancy permit to plaintiff good for thirty days and this is the only permit that was issued. By the terms it expired more than a year before the fire.

On direct examination plaintiff was permitted to testify as follows: "Q. I will ask you to tell the jury, Mr. Patterson, what conversation, if any, you

ever had with any agent of the American Insurance Company at any time with reference to the vacancy of the property. A. It was just before leaving for Oklahoma on my second trip to Independence when I first went to Independence to have the policy transferred from Flanders to myself, September, 1907. The conversation was either with Mr. Rider or a representative in his office. The man who made the transfer of the property from Flanders to myself.

"Q. Tell the jury what the conversation was?

"Objected to for the reason that it is immaterial, and for the reason that it appears now that the vacancy of which complaint is made did not occur until January following, and it is apparent that this was long before the subject of any such conversation could have become active. Overruled and excepted to.

"A. I told the agent that I was going away to Oklahoma and that I want he should look after the house, and if it should become vacant at any time to see that a permit should be put on, and that was the understanding between me and him before leaving.

"Defendant further objected to such statement and asked that the same be stricken out for the reason that it was impossible to have made such a condition to become active on the occurrence of an uncertain event which it was not then known would ever take place, and contrary to the written terms and conditions of the policy then in the possession of the plaintiff in this case. Objection overruled.

"By the Court: Just state what was said. To which ruling and order of the court defendant at the time excepted.

"Just state what the agent said to you. A. Well, the substance of what he said was, that he would see to the permit in case the house became vacant.

"To which statement defendant further objected for the reason that it occurred long previous to the

happening of the event in mind and at a time when it. was not known the property would become vacant. Objection overruled and excepted to.''

These alleged conversations were denied by defendant's agent.

The court overruled defendant's request for a peremptory instruction in the nature of a demurrer to the evidence and gave certain instructions to the jury requested by plaintiff which are not in the record, for the reason that they were lost after the trial and could not be reproduced. Defendant's refused instructions are in the record but on account of the absence of plaintiff's instructions we cannot consider the rulings of the trial judge on them. As it said by the Supreme Court in Birney v. Sharp, 78 Mo. l. c. 76: ''On the first point, it is manifestly impossible, in the absence of the instructions given for the plaintiff, for the court to determine whether they were right or wrong. In such cases all the presumptions are in favor of the correctness of the ruling of the trial court. In their absence and without knowing what points have been ruled and how, it is equally impossible to determine whether it was error in the court to refuse the instructions asked by defendant. They may, from aught that appears, have covered the same ground, and been embraced in those already given for the plaintiff, and refused for that reason. Without the entire record before us, we cannot say that the court erred in this particular. In such cases, also, the presumptions are in favor of the propriety of the action of the lower court.''

Our inquiry, therefore, will be restricted to the question of the correctness of the court's ruling in refusing defendant's request for a peremptory instruction and of the further question of the admissibility of the testimony of plaintiff relating to the alleged oral agreement of defendant's agent to grant a vacancy permit whenever one would be needed. The stipula-

tion providing that the policy should become null and void if the house became vacant or unoccupied during the term of the insurance was one the parties lawfully could make and we must give it full force and effect unless it appears that it was abrogated by the subsequent oral agreement plaintiff claims he had with defendant's agent, or that it was waived by defendant. [Hoover v. Ins. Co., 93 Mo. App. 111, and cases cited.] The oral agreement which plaintiff says was to the effect that defendant would grant a vacancy permit whenever a future vacancy might occur, cannot be enforced on the ground that it constituted a new contract abrogative of the stipulation in the policy in question, for the reason that it is unsupported by a new consideration. Parties who make a contract have the power to modify it by a subsequent agreement, but there must be a sufficient consideration for the modification to give it contractual force.

Since the oral agreement cannot be considered as a contract, may it be regarded as pertinent to the issue of waiver?

The stipulation provided a ground of forfeiture and defendant's contention is that the vacancy of the property *ipso facto* worked a forfeiture since the written consent of defendant to continue the insurance during the vacancy was not obtained.

There can be no waiver of a forfeiture until the ground of forfeiture has occurred, and for the reasons stated by us in the opinion in the recent case of Rogers v. Ins. Co., 155 Mo. App. 276, the agreement of the agent of the insurer, that a future breach by the insured of one of the stipulations of the policy will be condoned and not allowed to terminate the insurance, will not constitute a waiver of such future breach. The fact that the promise was made at the time of the issuance of a temporary permit for a vacancy that afterwards was terminated could have no relation to a future vacancy—a future breach of the contract. It

Patterson v. Insurance Co.

is a logical and legal solecism to speak of a noncontract waiver occurring before the breach has occurred.

These considerations impel us to hold that the court erred in admitting evidence of the oral agreement, since such evidence had no bearing on any issue of the case.

But we think the refusal of the peremptory instruction asked by defendant was proper. Plaintiff's evidence tends to show that some three weeks before the fire he notified defendant's agent by letter that the house was vacant and requested a permit. This evidence is strongly contradicted by other evidence, but it is substantial and for the purposes of a demurrer to the evidence, must be accepted as true. On receipt of the notice, defendant was bound to act with reasonable dispatch and either issue the requested permit or cancel the policy and return the unearned premium. As is said in Pelkington v. Ins. Co., 55 Mo. 177, "it is the duty of the company, if it does not intend to be further bound or to continue the risk, to express its dissent, and not allow the party to repose in fancied security to be victimized in case of loss. It is unconscientious to retain the premium and affirm the validity of the contract whilst no risk is imminent, but the very moment that a loss occurs, to then repudiate all liability and claim a forfeiture." [See, also, Polk v. Ins. Co., 114 Mo. App. l. c. 518.] Plaintiff's evidence affords a reasonable inference that defendant did not act on the notice in accordance with the mandate of this rule and in so failing to act waived the forfeiture.

For the error noted the judgment is reversed and the cause remanded. All concur.