W. E. HARWOOD, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. FIRE INSURANCE: Forfeiture: Concurrent Insurance. The plaintiff sued to recover, on a policy of fire insurance, damages by fire, to his livery stock. The plaintiff was allowed by the provisions of his policy to take out $1500 concurrent insurance, but obtained a policy for $2000. The defendant claimed that its policy was therefore forfeited. *Held*, that since the excess insurance was a substantial amount the trial court should have *held* the policy forfeited.

2. ————: ————: Waiver. The agreement of the agent of the insurer that a future breach by the insured of one of the stipulations of the policy would be condoned and not allowed to terminate the policy, would not constitute a waiver of such a future breach.

3. ————: ————: Over-Insurance: Warranty. The over-insurance in any substantial sum being made material to the risk by the agreement of the parties, should be treated as a breach of warranty and as a forfeiture.

4. ————: ————: Concurrent Insurance: Warranty. A stipulation restricting concurrent insurance is a warranty presumed in law to be material to the risk and that any substantial breach of such warranty *ipso facto* would work a forfeiture.

5. DEFINITIONS: Warranty. A warranty, in the law of insurance, is a written stipulation in the policy, applicable either to matters present or future, and, in the former case is called an affirmative, and in the latter a promissory warranty.

6. ————: **Conditions.** The word. "condition" in Sec. 7025, R. S.
1909, refers to facts existing, or said or supposed to exist at
the time the policy is made. The fact that matters referred
to in that section are to be deemed and construed as "represen-
tations only" clarifies the meaning of the word "condition" as
used in the opening line of the section.

Appeal from Johnson Circuit Court.—*Hon. A. A.
Whitsett*, Judge.

REVERSED.

*E. H. McVey, N. M. Bradley* and *Clyde Taylor*
for appellant.

(1) There is no question of waiver of the violation
of the concurrent insurance clause in the case. (a) The
case was not tried below upon the theory of waiver.
(b) Moreover, there was no proof of waiver. Patter-
son v. Ins. Co., 164 Mo. App. 163; Rogers v. Ins. Co.,
155 Mo. App. 276. (2) The court should have given
defendant's peremptory instruction on the theory that
plaintiff's admitted violation of the concurrent insur-
ance agreement as a matter of law avoided the policy.
(a) Concurrent insurance provisions are reasonable
and valid. Rogers v. Ins. Co., 155 Mo. App. 280;
Hutchinson v. Ins. Co., 21 Mo. 97; Aloe v. Ins. Co., 147
Mo. 579; Barnard v. Ins. Co., 27 Mo. App. 334; 19
Cyc. 703. (b) The policy was void whether the ad-
mitted breach did or did not materially affect the risk.
Hoover v. Ins. Co., 93 Mo. 119; Matthews v. Ins. Co.,
236 Mo. 326; State v. DeLay, 93 Mo. 99. (3) Even if
it were the law of the case that plaintiff's violation
of the contract after the same was made must mate-
rially affect the risk before it avoided the policy, yet
the court should have declared as a matter of law that
the admitted breach thereof did materially affect the
risk and that the policy was void. Rogers v. Ins. Co.,
155 Mo. App. 280; Barnard v. Ins. Co., 27 Mo. App.
35; Ins. Co. v. Manning, 160 Fed. 385; Dolan v. Ins.

Co., 88 Mo. App. 673; Kenefick v. Ins. Soc., 205 Mo. 304; 2 Cooley, Briefs on the Law of Insurance, 1163; Moore v. Ins. Co., 56 Mo. 345; Hutchinson v. Ins. Co., 21 Mo. 97; Aloe v. Ins. Co., 147 Mo. 579; 2 Cooley, Briefs on the Law of Insurance, 1442. (4) The admission of the so-called expert testimony concerning the materiality of the breach of contract was error. Hoover v. Ins. Co., 93 Mo. 119; Matthews v. Ins. Co., 236 Mo. 326; State v. DeLay, 93 Mo. 99; Rogers v. Ins. Co., 155 Mo. App. 280; Barnard v. Ins. Co., 27 App. 35; Ins. Co. v. Manning, 160 Fed. 385; Dolan v. Ins. Co., 88 Mo. App. 673; Kenefick v. Ins. Co., 205 Mo. 304; 2 Cooley, Briefs on the Law of Insurance. 1163.

*J. W. Suddath & Son* for respondent.

(1) Defendant answers, states no defense, because it fails to allege that the warranties set up therein were material to the risk and but for which the policy would not have been issued—or if issued would have been cancelled as soon as the company learned of it. Dolan v. Ins. Co., 88 Mo. App. 666; Christian v. Ins. Co., 143 Mo. 460; Summers v. Ins. Co., 90 Mo. App. 690. (2) Sec. 7025, R. S. 1909, makes all warranties in fire insurance policies, which are not material to the risk, insured against, representations only, whether they refer to conditions precedent or subsequent to issue of policy. Burge Bros. v. Ins. Co., 106 Mo. App. 244. (3) Only when the risk is undoubtedly affected by the additional insurance, does it become a question of law and require the court to so instruct. Dolan v. Ins. Co., 88 Mo. App. 666; Kenefick H. Co. v. Ins. Co., 205 Mo. 294; White v. Ins. Co., 93 Mo. App. 282. (4) When the amount of the loss is to be determined or limited by the cash value of the property at the time it is destroyed, then the condition as to additional insurance becomes immaterial, as a

matter of law.  Burge Bros. v. Ins. Co., 106 Mo. App. 244; Ramsey v. Ins. Co., 71 Mo. App. 380; Dolan v. Ins. Co., 88 Mo. App. 666; Lee v. Ins. Co., 11 Cush. (Mass.) 324.  (5)  The expert testimony as to materiality was not error, but was proper:  (a)  The question to them was in proper form.  (b)  And insurance agents are competent witnesses.  Hanna & Co. v. Ins. Co., 109 Mo. App. 152; Kern v. Ins. Co., 40 Mo. 19. (6)  The question of whether any fact (for example, the taking of other insurance) is material to the risk, is a question of fact for the jury.  Dolan v. Ins. Co., 88 Mo. App. 666; Hanna v. Ins. Co., 109 Mo. App. 152; Kern v. Ins. Co., 40 Mo. 19; Boggs & Leath v. Ins. Co., 30 Mo. 63; Schroeder v. Ins. Co., 46 Mo. 174; Schultz v. Ins. Co., 57 Mo. 331.  (7)  The test of "materiality" to be given to a jury, is, would the fact considered, cause the risk to be rejected, or call for a higher premium (just as in instructions 7 and 8)?  If it would it is material, if not it is immaterial.  Boggs & Leath v. Ins. Co., 30 Mo. 63; Moore v. Ins. Co., 56 Mo. 343; 2 Cooley's Briefs on Law of Ins., 1163.

JOHNSON, J.—This is an action on a policy of fire insurance.  Plaintiff recovered judgment in the circuit court and. defendant appealed.  By the terms of the policy defendant insured a livery stock owned by plaintiff in Warrensburg in the sum of $1000. The policy was issued November 15, 1910, to cover a period of one year from that date, and on its face recited "$1500 other insurance concurrent herewith permitted."  It was agreed that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured has or shall hereafter make or procure any other contract of insurance whether valid or not, on the property covered in whole or in part by this policy."  Other clauses provided: "This company shall not be liable beyond the actual cash value of the property at the time any

loss or damage occurs, and the loss or damage shall be ascertained, or estimated according to such actual cash value with proper deduction for depreciation however caused . . . this company shall not be liable under this policy for a greater proportion of any loss on the described property . . . than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property.''

The evidence of the plaintiff shows that the value of the property was $4316.80 and that the loss caused by the fire which occurred September 21, 1911, was $3797.80. Defendant refused to pay the loss, the refusal being based partly on the ground of a breach by plaintiff of the stipulation relating to concurrent insurance and this suit followed.

The answer pleads the stipulation and plaintiff's breach thereof as a complete defense to the action but does not allege that the stipulation constituted a warranty material to the risk and but for which the policy would not have been issued. The reply admits the charge of over-insurance but pleads a waiver and denies ''that said conditions and agreements were or are material to the risk insured against . . . or that the failure to comply therewith, if plaintiff had so failed, is or would be material to the risk insured against.'' The cause was tried on the theory that the questions of whether or not the conditions relating to other insurance were in the nature of a warranty and were material to the risk were properly raised by the pleadings. The court, adopting the view of counsel for plaintiff that the condition in question was controlled by the provisions of sections 7024 and 7025, Revised Statutes 1909, permitted plaintiff, over the objection of defendant, to introduce expert evidence to the effect that the over-insurance was not material to the risk and in the instructions to the jury given at the request of plaintiff, submitted the question of the

materiality of the over-insurance as an issue of fact. Defendant offered no evidence but stood in the trial court and stands here on its demurrer offered at the close of plaintiff's evidence.

Point is made by plaintiff that the omission of the answer to allege affirmatively that the alleged warranty was material to the risk is fatal to the defense under consideration. The rule we applied in Dolan v. Insurance Co., 88 Mo. App. l. c. 675, disposes of the point adversely to the contention of plaintiff: "Defendant's answer fails to allege that the warranties set up therein were material to the risk and but for which the policy would not have been issued. But no objection was made on that account and the case was tried throughout on the theory that the issues were made up. Plaintiff himself, in his instructions, affirmatively submits that question to the jury. It is now too late to insist on such point."

It appears from the evidence that when the policy in suit was issued plaintiff had other insurance of $1000. A week later he procured another policy of $1000, bringing the concurrent insurance to $2000, which was $500 in excess of that allowed by the stipulation in question. Plaintiff testified that he informed defendant's agent at the time he agreed to take the policy that he expected to carry other insurance in the amount of $2000 but afterward he accepted the policy restricting such insurance to $1500 without protest and he did not advise defendant of the procurement of the later policy. The evidence of plaintiff, therefore, fails to support his claim of waiver.

We held in the recent cases of Rogers v. Insurance Co., 155 Mo. App. 276 and Patterson v. Insurance Co., 164 Mo. App. 157, that an agreement of the agent of the insurer that a future breach by the insured of one of the stipulations of the policy would be condoned and not allowed to terminate the policy would not constitute a waiver of such future breach.

There is no charge of fraud or deceit on the part of the agent and to give effect to such antecedent oral agreement . would violate the elementary rule that merges such agreements into the written contract. Since it does not appear that defendant had notice of the procurement of the over-insurance we do not perceive any good reason for the suggestion that it waived any right reserved in the policy by retaining the premium paid by plaintiff. Certainly a breach of a warranty or condition subsequent by the insured cannot impose any duty on the insurer to act in disapproval or condonation of such breach until the fact of its existence becomes known to him. Having found there is no substantial issue of waiver in the case we turn to the solution of the question that is the real bone of contention between the parties, i. e., the legal effect that should be accorded the agreement in the policy relating to concurrent insurance.

The over-insurance did not exist at the time of the delivery of the policy and consequently there had been no misrepresentation by plaintiff as to an existing fact. Counsel for plaintiff contend that the agreement insofar as it related to future insurance fell under the purview of sections 7024 and 7025, Revised Statutes 1909, and should be regarded as a mere representation which could not give defendant a ground of forfeiture unless it were material to the risk and that the question of such materiality is presented by the evidence as involving an issue of fact for the jury to determine.

On the other hand counsel for defendant argue that the agreement, in its relation to the present question, was unaffected by those statutes and should be construed as a promissory warranty in the nature of a condition subsequent, and that the breach of the condition forfeited the policy, regardless of all other considerations. Further counsel say that "even if it were the law of the case that plaintiff's violation of

the contract after the same was made must materially
affect the risk before it avoided the policy, yet the court
should have declared as a matter of law that the ad-
mitted breach thereof did materially affect the risk and
that the policy was void.''

The statutes thus discussed were enacted in 1897
and appear in the Revision of 1899 as sections 7973
and 7974. First we shall inquire into the construction
the law, prior to this enactment, gave to stipulations
in fire insurance policies relating to concurrent in-
surance. They were regarded and treated as warran-
ties and not as mere representations, without regard
to the question of the actual effect on the risk of a
breach of such an agreement, the cases held, as a mat-
ter of law, that over-insurance in any substantial sum
being made material to the risk by the agreement of
the parties should be treated as the breach of a war-
ranty and as a forfeiture of the policy. In Hutchin-
son v. Insurance Co., 21 Mo. 97, the Supreme Court
said:

''A warranty, in the law of insurance, is a written
stipulation in the policy, applicable either to matters
present or future, and, in the former case, is called an
affirmative, and in the latter, a promissory warranty;
and the policy being signed by the underwriters only,
these warranties are made effectual by treating them
as conditions precedent, upon the truth or fulfillment
of which the entire contract depends. . . . Under-
writers rely more upon the interest than the morals of
the insured for protection against the carelessness of
owners in the preservation of the insured property,
and therefore always leave a sufficient amount un-
covered by the policy to make it the interest of the in-
sured to take proper care of it. To enable them to do
this, it is not necessary, of course, that they should
be informed whether the property, upon which they
are about to take the risk, is covered by any existing

policy, and if so, to what extent; and that their risk may not afterwards be increased without their knowledge or consent, by the subsequent act of the insured, in covering his remaining interest, either wholly or partially, with additional policies, from other underwriters, this stipulation, looking not only to the present, but to the future condition of the property in reference to other insurance upon it, and the consequent increased risk on the part of the underwriters, is inserted as a condition in the policy.''

It will be observed that this opinion regards a promissory warranty, i. e., the promise of the insured not to over-insure the property in the future, as a condition precedent. In the recent case of Mathews v. Modern Woodmen, 236 Mo. 326, the Supreme Court speak of such a promise as a promissory warranty in the nature of a condition subsequent, but this difference is immaterial to the present inquiry. Whether a condition precedent or subsequent the courts of this State, in a number of decisions, beginning with the Hutchinson case and ending with the Mathews case, have held uniformly that a stipulation restricting concurrent insurance is a warranty presumed in law to be material to the risk and that any substantial breach of such warranty *ipso facto* would work a forfeiture. [Dolan v. Insurance Co., supra.]

Turning to the enactment of 1897 (Sec. 7024 and 7025, Rev. Stat. 1909) we find it has been construed by both the Supreme Court and the St. Louis Court of Appeals as having the effect of converting into a mere representation a stipulation relating to *existing* facts which before had been treated by the courts as a condition precedent but not as affecting the construction of executory warranties. As is said by the St. Louis Court of Appeals in Hoover v. Insurance Co., 93 Mo. App. 111: ''It cannot be claimed successfully that the stipulation on which defendant relies on this appeal is defeated by provisions of the Act of 1897

already quoted. The first section of that act, relating to warranties or conditions in applications for insurance, has, obviously, no bearing on the facts at bar. The second section comes nearer to the facts of the present litigation; but it does not, in our opinion, avoid the terms of the already quoted stipulation on which the defendant counts. The word "condition," in the second section of the aforesaid law of 1897, clearly refers to facts existing, or said or supposed to exist, at the time the policy is made. The fact that the matters referred to in that section are to be deemed and construed as 'representations only' clarifies the meaning of the word 'condition' as used in the opening lines of that section."

This view of the statutes is expressly approved by the Supreme Court in Mathews v. Modern Woodmen, supra, where, in construing a statutory provision relating to life insurance, to the effect that "no misrepresentation made in obtaining or securing a policy of insurance shall be deemed material," etc, the opinion says:

"The phraseology is inapt to cover promises referring to the future and to be kept or broken after the policy takes effect. A provision of somewhat similar character in the statutes relating to fire insurance has been construed that way. [Hoover v. Insurance Co., 93 Mo. App. 111.]"

This positive approval of the Hoover case makes it a binding authority which we must follow. The statutes do not cover promissory warranties or executory agreements. Counsel for plaintiff argue that the Hoover case, in effect, is overruled by the St. Louis Court of Appeals in the later case of Burge v. Ins. Co., 106 Mo. App. 244. There is no vital conflict between the two cases. In the Burge case the policy which covered a stock of merchandise provided that the total insurance on the stock should not exceed three-fourths of its value. The dispute was not re-

garding the amount of the stock when the policy was issued, but a forfeiture was claimed on the ground that at the time of the fire the total insurance exceeded three-fourths of the value of the stock. As is said in the opinion the question was "whether the limitation in this contract against insurance in excess of three-fourths of the value of the stock bound the proprietors never to let their insurance on the stock exceed three-fourths of its value under penalty of forfeiting their right to indemnity if a loss occurred." The court properly answered this question in the negative as did this court in the later case of Surface v. Insurance Co., 157 Mo. App. 570, where we say:

" . . . the courts of this State very properly have disapproved the theory that the statute requires the insured to keep his insurance within the three-fourths limit. Property of all kinds more or less is subject to depreciation and to fluctuations in market value. Especially is this true of stocks of merchandise which, in addition to ordinary depreciation and change in market value, undergo daily alterations from purchases and sales. It is a matter of common knowledge that merchants carry much heavier stocks at some periods of the year than at others and the law does not contemplate the absurdity of compelling them to preserve a fixed margin between the value of their stocks and the insurance carried. Therefore, as Judge NORTONI observed in Stevens v. Ins. Co., 120 Mo. App. l. c. 108: 'The section of the statute quoted renders the policy on chattels valued only in so far as it precludes the company from denying their value as mentioned when the insurance was written, and aside from this, it does not influence the question in the least. [Howerton v. Ins. Co., 105 Mo. App. 575, 80 S. W. 27; Burge Bros. v. Ins. Co., 82 Mo. App. 515.]' "

But in the present case, as in the Hoover case, the subject of insurance was not a stock of merchandise subject to contract changes and fluctuations in value

but personal property intended to be kept by the insured during the period of the insurance. The policy is a valued not an open policy and since the rules of the Burge and Surface cases are peculiar to cases where the subject of insurance is being constantly changed by losses and additions resulting from sales and purchases they have no application to cases that are devoid of such features.

It follows from what we have said that the issue of whether or not the breach of the promissory warranty was material to the risk is not germane and since the excess insurance was a substantial amount the court should have held the policy forfeited and peremptorily directed a verdict for defendant.

The judgment is reversed. All concur.