H. M. FERGUSON, J. F. PROCTER and W. J. RAHN, Respondents, v. THE HOME INSURANCE COMPANY at NEW YORK, Appellant.

Kansas City Court of Appeals. December 5, 1921.

1. INSURANCE: Waiver: Estoppel: Resident Agent of Foreign Insurance Company has Power to Waive Provision of Policy Requiring Written Consent to Assignment Thereof. Under section 6315, Revised Statutes 1919, the resident agent of a foreign insurance company had the power to waive a provision of an insurance policy requiring written consent of the company to an assignment of the policy, and the defendant is estopped from denying the resident agent's authority to make such waiver where it appears that the delay in sending the assigned policy to the proper office for endorsement of consent was wholly due to the act of the agent and not of the insured.

2. ————: Judgment: Judgment Based upon Two Items Separately Valued Held Properly Entered. In an action upon a tornado policy where the judgment was based upon two items of one class, namely, a barn and a machine shed and buggy house, the contention of the defendant that the judgment was improperly entered because two items, separately valued, go to make up the total cannot be sustained as the judgment entry follows the prayer of the petition in which the two items were separately described.

3. APPEAL AND ERROR: Misjoinder of Parties: Objection as to Misjoinder of Parties Must be Made by Demurrer at Proper Time in Trial Court During Course of Trial. Where no demurrer is shown by the record to have been filed by defendant as to misjoinder of parties at proper time during course of trial, the defendant cannot on appeal be permitted to object that there was a misjoinder of parties plaintiff.

4. INSURANCE: Waiver of Formal Proof of Loss: Formal Proof of Loss not a Condition Precedent to Right of Recovery nor Required

after Denial of Liability. Where the evidence showed that an adjuster on notice of loss, went to the premises and discovered what he concluded was a sufficient reason for the company to deny liability, formal proof of loss as required by policy was waived by insurer.

Appeal from the Circuit Court of Moniteau County.— *Hon. John G. Slate,* Judge.

AFFIRMED.

*Embry & Embry* for respondent.

*Fike, Snider & Hume* for appellant.

ARNOLD, J.—This is a suit on a policy of insurance. Defendant is a foreign insurance company licensed to do business in this State.

On June 3, 1916, defendant issued its policy of insurance in the sum of $3400, on the improvements upon the farm of D. B. Calhoun in Moniteau county, Missouri, against loss or damage by wind storms, cyclones or tornadoes for a period of five years. Among the items covered by said policy, and the only ones under consideration in this suit  were $1,000 on a barn and $100 on machine shed and buggy house. It was stipulated in said policy that ''in case any change shall take place in title or interest or possession   .   .   .   of the property herein named, or if the assured shall not be the sole and unconditional owner in fee of said property or if this policy shall be assigned without written consent hereon, then in each and every one of the above cases this policy shall be null and void.   .   .   .   This policy is not assignable for the purpose of collateral security, but only when there has been an actual sale or transfer of the title to the property insured, and no assignment to the new owner will be valid until written consent is endorsed hereon by the company at its Western Farm Department office in Chicago, Illinois.''

The agent of the defendant company through whom the said policy was written was one F. C. Harra at Cali-

fornia, Mo.   On the transfer of the title to the property
from Calhoun to Ferguson the former, in the presence
and under the direction of the said agent, assigned all
his right, title and interest in and to said policy of
insurance to the latter, as provided in the proper blank
on the back of said policy, for such purpose.   The said
assignment blank was filled out by agent Harra.

Plaintiff Ferguson testified that after the loss he
signed some papers under the direction of Harra, the
exact character of which he is unable to designate but
thinks they might have been proof of loss.   Harra testi-
fied that they were notice of loss and that he notified
the company of the loss.

The policy was held by agent Harra after the as-
signment from Calhoun to Ferguson and was not sent
to the Western Farm Department at Chicago for en-
dorsement of consent to such assignment, as provided
by the policy because, as agent Harra states, he was
waiting for Ferguson to indicate what "changes he might
want to make in the policy," or "if he wanted to be
protected."   During the period in which defendant's
agent was so waiting, the storm occurred by which the
property in question was destroyed.

One Phillips, the adjusting agent of defendant, after
notice of loss to the company as above indicated, went
to the premises, viewed the damage, and advised Fergu-
son that defendant was not liable and would not pay
the loss.   After the loss of the property, as stated above,
Ferguson sold and conveyed the land to J. F. Procter
and W. J. Hahn, at the same time verbally agreeing that
said purchasers should have the amount provided for
loss under said policy to be used in replacing the prop-
erty destroyed.   Said Procter and Hahn were thereupon
made parties plaintiff to this suit as having an interest
therein.

The allegations of the petition are substantially as
above set out.

The answer of defendant admits its corporate exis-
tence and the issuance of the policy as pleaded, and as

an affirmative defense pleads the provisions of the policy relating to assignment and transfer, as above stated, and also that proof of loss had not been filed as required by the terms of the policy. Further the answer admits the sale of the farm by Calhoun to Ferguson and that the transfer of title had been made and alleges that the property was attempted to be assigned by Calhoun to Ferguson before the wind storm occurred, but that such attempted transfer was made without defendant's knowledge or written consent endorsed on said policy as provided therein, and that said policy became, and was, void at the time of said wind storm. The answer also denies that proof of loss, as required by the terms of the policy, was ever furnished, and that by reason of such failure to furnish such proof of loss, the policy is now void.

The reply was a general denial. The cause came on for trial to the court, a jury having been waived. Judgment was for plaintiffs in the sum of $1100, the amount sought to be recovered. Motions for new trial and in arrest were overruled and defendant appeals.

The controversy between the parties is based upon the question of the validity of the assignment by Calhoun to Ferguson. Defendant urges that the said assignment is not valid because it had not the sanction of defendant. Plaintiffs urge the validity in that while defendant did not sanction same, defendant's agent Harra knew of the assignment, sanctioned it, and thus defendant waived any objections it might have had to the assignment. As this is the main contention in the case we will consider it first, regardless of the order in which the points are presented.

It may be conceded that the policy of insurance provides, as pleaded in defendant's answer, that any assignment of the policy was void unless the written consent of the company was endorsed on the policy as provided therein. This position is correct provided the acts of defendant's agent were not such as to waive this requirement.

Section 6315, Revised Statutes, 1919, provides: "Foreign companies admitted to do business in this State

shall make contracts of insurance upon property or interests therein only by lawfully constituted and licensed resident agents, who shall countersign all policies so issued. And any such insurance company who shall violate any provision of this section shall suffer a revocation of its authority by the superintendent of insurance to do business in this State, in addition to the penalty prescribed in section 6322, such revocation to be for the term of one year." [R. S. 1909, sec. 7047.]

Defendant, being a foreign corporation licensed to to business in this State accepts such license under the provisions of the statute, and any rules, requirements or provisions in its policies that may run counter to the statutes are of no force and effect on policies written in this State. Applying this statute, this court held in Prichard v. Fire Ins. Co., 203 S. W. 223, that in view of the authority conferred upon an agent of a foreign insurance company by this section, the agent may bind the company by an oral contract.

In Sheets v. Ins. Co., 153 Mo. App. l. c. 632, it is said:

"The meaning of the statute is clear and one does not have to go far to ascertain the legislative intent that prompted its enactment. Obviously one of its main purposes was to put a stop to the irritating and unjust practice indulged in by some insurers of adroitly phrasing their agency contracts in a way to bestow general powers on their agents who come in direct contract with the public, when such powers relate to benefits flowing to the company, and to invest such agents with no power to represent the company when the benefits of the insured are involved. Such attempted aggressions frequently have been repelled by the courts of this State under the doctrine that an insurance company cannot make its local agent the medium through which all the benefits of a policy flow from the insured to it and then deny that he has authority to represent it when the benefits of the insured are involved. [Nickell v. Ins. Co., 144 Mo. 420.]' "

The Legislature, in a further attempt to discourage such aggressions, required all contracts of insurance to be made by regularly constituted and lawfully licensed resident agents who shall countersign the policies so that when the insured received his policy he would know that the local agent who signed it possessed power to make contracts for the company and to bind it, as a general agent.

D. B. Calhoun, who sold the property to Ferguson, testified that the assignment of the policy to Ferguson was a part of the consideration in the sale of the land, and that he went to Mr. Harra, agent of the company, and that Harra wrote the assignment. Harra testified:

"A. Mr. Calhoun came into the bank and expressed himself as wanting to assign the policy to Mr. Ferguson. We got the policy and made the assignment as far as we could at that time.

"Q. I will get you to look at the assignment, and read it to the court and tell me in whose handwriting the assignment is—and whose signature it is to the assignment?

"A. Blank spaces in the assignment filled out by myself and assigned. Mr. D. B. Calhoun writes 'For value received hereby assign, transfer, and set over unto F. M. Ferguson.'

"Q. You wrote it?

"A. I was supposed to put in his initials whatever they were. Whether I got his initials right or wrong, I don't know now. I can't tell you what his initials are. . . .

"Q. Is that the date that the assignment was made?

"A. It is.

"The Court: Did the company have any notice of that?

"A. No."

On cross examination Harra was asked "You have no authority to consent to an assignment? A. No.

"Q. Without the approval of the company? You never did assume to have any such authority, did you?

"A. No, I said No, but sometimes they give you authority to do it and sometimes they don't—it leaves a fellow sometimes in doubt whether he has or has not.

"Q. You had no authority in this instance, did you?

"A. I don't think I did.

"Q. You kept this policy right along, didn't you?

"A. When do you mean?

"Q. After Mr. Calhoun wrote his name on the back of it?

"A. I kept it for the brief time it was kept before the storm.

"Q. And then what did you do?

"A. Well, I kept it continually for that matter."

When asked what was the reason he did not send the policy to the company on March 22, the day of the assignment, witness answered that "Mr. Ferguson would be in in a day or two and take the matter up with him; it was a matter of some household insurance involved in that policy." Witness further stated that he wanted to get Ferguson's "advice as to his wishes in the matter of household insurance, if any, or any changes that he might want in the policy," and that he did not know whether the Calhoun policy would be satisfactory to Ferguson as to the household goods.

It clearly appears that the delay in sending the assigned policy to the proper office for endorsement of consent was wholly due to the act of agent Harra, and not to any act of Ferguson. There seems to be no serious question that Harra had the power, under the statute, to waive the written consent of defendant to the assignment.

In Prichard v. Fire Ins. Co., supra, the court held that in view of the authority conferred upon an agent of a foreign insurance company by the statute, the agent may bind such company by oral contract. It was held in Bealmer v. Fire Ins. Co., 193 S. W. 849, and in Sheets v. Ins. Co., supra, that such agent may assent to an assignment of the policy. Calhoun did all he could to assign

and transfer his rights in the policy in question to Ferguson. We hold that, under authority of the statute, the consent of the insurer to the assignment of the policy by Calhoun to Ferguson was waived by defendant's agent Harra prior to the date of the storm which destroyed the property, that the title to the insurance was in Ferguson at that time, and that defendant is estopped from denying Harra's authority to make such waiver.

Point I of defendant's points and authorities is directed to the admission of the testimony of agent Harra to show waiver of consent of defendant to the assignment in writing, and it is urged that the admission of such evidence was error. We hold against defendant on this point.

Point II of defendant's points and authorities urges that the judgment is improperly entered because two items, separately valued, go to make up this total. This judgment entry follows the prayer of the petition which said petition separately describes the two items. We find no error in this entry and our ruling is, therefore against defendant thereon. We see nothing in this ruling contrary to the rule announced by this court in Crossan v. Ins. Co., 133 Mo. App. 537, or in Trabue v. Ins. Co., 121 Mo. 175. In the former it is held that where the policy insures several amounts upon several distinct items, the contract is separable and recovery in case of loss can only be allowed on each class according to its separate valuation, and the company cannot dispute the amount insured on each class is three-fourths of the value of the property insured in that class. An instruction permitting recovery *in solido* for the total amount of sevei sums insured on each class is error.

An analysis of this ruling fails to show that it applies to the case at bar. The judgment herein obviously is based upon the two items of the one class to-wit, the barn and machine shed and buggy house. Defendant's position in this respect is untenable.

Under point III, defendant urges that the evidence shows that plaintiff Ferguson is not entitled to recover

and that this invalidates the judgment, inasmuch as the judgment was entered in favor of all three plaintiffs upon the theory upon which the case was tried, we fail to see any merit in this contention of defendant. The testimony shows that Ferguson was the assignee of the insured in the policy at the time the loss occurred. No demurrer is shown by the record to have been filed by defendant as to misjoinder of parties at the proper time during the course of the trial, and it cannot now be permitted to object that there was a misjoinder of parties plaintiff. Our holding on this point is against defendant.

Another point raised by defendant is that there was no proof of loss furnished by plaintiffs and that therefore the policy is void.

The testimony shows that adjuster Phillips, on notice of loss went to the premises and discovered, at least what he concluded was a sufficient reason for the company to deny liability. Whether he discovered anything else, or had any desire to do so, is not clearly shown in the record. We therefore hold that the company was in possession of all the facts that proof of loss could have supplied, and that formal proof of loss was waived by act of adjuster Phillips. Under the circumstances we must hold that formal proof of loss was not a condition precedent to right of recovery and that defendant cannot be permitted to avoid the payment of this loss for the reason urged.

All other points raised by defendant are answered in the above rulings. Judgment is affirmed.

All concur.