# MARCH, 1940.

ALICE J. BENNETT, RESPONDENT, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, APPELLANT.—143 S. W. (2d) 479.

Kansas City Court of Appeals.   June 10, 1940.

*Lamkin James* and *Borders, Warrick & Hazard* for appellant, The National Fire Insurance Company of Hartford.

*J. Marion Robertson* and *W. T. Bellamy* for respondent, Alice J. Bennett.

724

CAMPBELL, C.—The defendant issued to plaintiff a policy of fire insurance covering a residence building in Lincoln, Missouri, for a

term of three years, commencing May 12, 1935. The building was totally destroyed by fire on April 17, 1938. The defendant was promptly notified of the loss. In a letter to plaintiff, dated June 30, 1938, the defendant denied liability "for alleged loss by fire of the dwelling house." Thereupon this suit was brought to recover for the loss. Trial with a jury resulted in a verdict in favor of the plaintiff for the amount of the insurance, $1500, interest thereon $52.50, penalty $90, and attorneys' fee in the sum of $400. From the judgment on the verdict the defendant has appealed.

The facts show the defendant was a foreign insurance company; that its resident agent at Lincoln, Missouri, Adolph Boehmer, issued and countersigned the policy; that the policy provided that it would be void if the interest of plaintiff in the insured property "be other than unconditional and sole ownership;" or if change takes place "in the interest, title or possession" of the building.

Plaintiff and her husband, Dr. Bennett, on April 5, 1937, entered into a contract in writing in which it was recited that they sold and agreed to convey the real estate upon which the insured building was located to Dolores E. Ray for the consideration of $2500, $600 of which was to be paid at the time, and the sum of $34.34 to be paid each month thereafter for twelve months; the remaining $1500 was to be secured by a deed of trust on the property when the twelve payments had been made. The contract further provided the purchaser should keep the building insured for the amount of the insurance then in force; that the contract "shall be null and void" if the purchaser failed or refused to make the monthly payment, and in event of such failure plaintiff "shall retain" the payments that had been made as liquidated damage and the deed and possession of the property would be surrendered to plaintiff. The policy, contract and deed were deposited in a bank.

The evidence shows that about April 5, 1938, the purchaser by letter advised plaintiff's husband that she had abandoned the dwelling, "ceded his rights and left the keys at the bank."

The evidence favorable to the plaintiff shows that her husband acted for her in negotiating the contract with Dolores E. Ray; that during the negotiation, which terminated in the contract, plaintiff's husband informed Adolph Boehmer of the contemplated sale and asked "what we should do about the insurance;" that Boehmer replied that "no matter what happened in that first year, Mrs. Bennett would still have more interest in the property than—that is, she would have more than the insurance represented at the end of the year, and in view of that consideration he said he wouldn't take out the insurance until I had the title changed and he would suggest leaving it as it was —that the insurance being $1500, the balance of the principal being $2500, and he was to pay $1000 in the first year—if he didn't the contract was null and void and as far as his interest was concerned,

and at the end of a year Mrs. Bennett was to give him a deed if he met the terms of the contract and to make a deed of trust back for the unpaid $1500 balance. Since the insurance was only $1500, he suggested that I just deposit the insurance with the contract and leave it since it was all being placed in the hands of a third party as trustee—leave it as it was, and that is what I did.''

The witness further testified he relied and acted upon the statements of Boehmer.

The agent, Boehmer, for the defendant, testified he ''got out'' of the insurance business about February 1, 1937, moved from Lincoln to Madison; that thereafter he was defendant's agent for about six months. Later he said he went to Madison February 1, 1938; that before leaving Lincoln he heard Dr. Ray had moved into the dwelling house; and denied the statements attributed to him by plaintiff's husband.

The defendant contends no case was made for the jury for the reasons (1) the contract made with Dolores E. Ray voided the policy; (2) the cancellation of the contract with Ray did not revive the policy; (3) that plaintiff did not insure the remaining interest she had after the making of the contract of sale; (4) because plaintiff was not the sole and unconditional owner at the time of loss; (5) that notice of a contemplated breach of the policy was not sufficient to show waiver; (6) that at the time of the conversation between plaintiff's husband and Boehmer, the latter was not the agent of defendant.

The contract with Ray provided it would become void in event Ray failed or refused to make the monthly payments, and that upon such failure the property would be returned to plaintiff. The payments were not made and the property was returned to plaintiff.

In the view we take of this case it is not necessary to determine whether or not the surrender of the property by Dolores E. Ray vested unconditional ownership in plaintiff for the reason plaintiff undoubtedly had an insurable interest in the dwelling house.

Defendant was a foreign insurance company; it could contract insurance *only* through its authorized resident agent (section 5902, Revised Statutes of Missouri, 1929); its agent, Boehmer, issued and countersigned the policy, and, hence, for the purpose of the insurance contract here involved, was the defendant itself. [Ormsby v. Laclede Farmers' Mutual Fire and Lightning Insurance Company, 98 Mo. App. 371, 72 S. W. 139; State ex rel. v. Bland, 316 Mo. 559, 567; Fulbright v. Phoenix Insurance Co., 44 S. W. (2d) 115, and cases cited therein.]

The defendant cites the case of Mahan v. Home Insurance Company, 205 Mo. App. 592, in which it was held that:

''The fact that defendant's agent had knowledge of the sale by plaintiff and made no objection ought not to be considered a waiver

because there was nothing to waive. If plaintiff parted with all right or interest in the property, any insurance thereon in her favor would cease. It would be no less than to allow her to insure the property of Jones, which she could not do.''

Defendant also cites numerous cases which announce a doctrine in harmony with the ruling in the Mahan case, but in none of them were the facts similar to the facts in the present case. Boehmer was not only told of the contemplated sale, he was asked what should be done concerning the insurance in event sale was made. In reply he said the policy and contract should be deposited in a bank and ''leave it as it was.'' Thus, as a matter of law, the *defendant* said to plaintiff in event of a sale nothing need be done to maintain the policy in force. It should not now be said the plaintiff in doing precisely what the defendant told her to do voided the policy. Whether or not Boehmer made the statements, was a question for the jury. The jury, as the verdict shows, found the statements were made and that finding is conclusive on this court.

The claim that Boehmer was not defendant's agent at the time of the alleged conversation with plaintiff's husband, was also for the jury. The evidence of Boehmer on that question has been stated and we need not repeat it. Plaintiff's husband was permitted, without objection, to testify:

''Q. What you have been relating is as near as you can remember what your conversation was with Mr. Boehmer? A. Yes, sir.

''Q. Mr. Boehmer, at the time, was one of the agents for the defendant company, was he? A. Yes, sir, he was the one with whom I did all my business.''

On this showing the question of agency was one for the jury.

Defendant criticizes plaintiff's instruction No. 2 on the ground it submitted to the jury a question of law, namely, whether or not the failure of Mrs. Ray to make the payments stipulated in the contract terminated her equitable interest so as to make plaintiff ''the sole and unconditional owner.'' The instruction placed an unnecessary burden on plaintiff, but it was not reversibly erroneous for that reason. [Murphy v. Great American Insurance Company, 221 Mo. App. 727.] Defendant further contends instruction No. 2 was erroneous ''for the reason that it would permit the jury to find a waiver based upon notice given before the act constituting the breach of the policy occurred.'' The instruction was in part as follows:

''. . . and if you further find that on or about the 30th day of March, 1937, the plaintiff entered into a contract for the sale of said real estate and buildings to Dolores E. Ray and at about the date of said contract notified the defendant of the making of said contract and that the defendant did not within a reasonable time after learning of said contract of sale cancel said policy of insurance or refund

to plaintiff the unearned portion of the premium paid for said insurance, . . ."

The instruction did not permit the jury to find a waiver based upon notice of the contemplated contract with Ray. On the contrary it required a finding defendant knew of the contract of sale and thereafter failed to cancel the policy within a reasonable time or refund the unearned premium. We conclude the facts hypothesized in the instruction were sufficient to show waiver. [Ormsby v. Laclede Farmers' Mutual Fire Ins. Co., 98 Mo. App. 371, 72 S. W. 139; Fulbright v. Phoenix Ins. Co., 329 Mo. 207, 44 S. W. (2d) 115.; Boyle v. United States Fire Ins. Co., 250 S. W. 641, 642; Loduca v. St. Paul Fire and Marine Ins. Co., 105 S. W. (2d) 1011, 1013.]

It has been decided that waiver of the provisions of a policy cannot be predicated upon notice of what the insured expected to do at a future time. [Rogers v. Home Ins. Co., 155 Mo. App. 276, 136 S. W. 743; Patterson v. American Ins. Co. of Newark, 164 Mo. App. 157, 148 S. W. 448; Harwood v. National Union Fire Ins. Co., 170 Mo. App. 298, 156 S. W. 475.]

In the Rogers case the insured told the defendant's agent, who issued the policy involved in the action, that he intended to buy additional insurance, which was a violation of the provisions of the policy. At different times thereafter the insured obtained additional insurance. The court held that notice to the agent that insured intended to take out additional insurance was not a waiver of the provisions of the policy. The Patterson and Harwood cases were decided on somewhat different facts, but the principle announced therein is in harmony with the ruling in the Rogers case. It will be noted that in none of those cases did the insured inquire of the agent what he should do concerning the existing policy in order to keep the insurance in force.

In the instant case Dr. Bennett sought the advice of Boehmer, asked what should be done concerning the insurance, in event the property was sold; was told he need do nothing except deposit the contract, deed and policy in a bank. Boehmer was an agent of large powers; he could make an oral contract of insurance and consent to an assignment of a policy even though the policy required the written assent of the company to an assignment. [McNabb v. Niagara Fire Ins. Co., 22 S. W. (2d) 364; Prichard v. Connecticut Fire Ins. Co., 236 S. W. 402.] We conclude the statements of Boehmer, acted upon as they were by plaintiff, precluded the defendant from claiming the insurance was forfeited. If plaintiff had sold her entire interest in the property, that is, if she had not retained an insurable interest, the rule stated in the Mahan case would apply.

The claim the court should not have submitted the issue of vexatious refusal to pay the loss cannot be sustained. The loss occurred April 17. In a few days thereafter defendant's adjusters investigated the

loss; one of them "in the first half of May" was informed of the terms of the contract with Mrs. Ray. On June 11 defendant sent to plaintiff blank form of proof of loss. In its letter of June 30 defendant tendered return of the unearned premium, $9.72, and denied liability but failed to state the reason for such denial. There is no claim any fact was concealed from defendant, nor showing that defendant disclosed the grounds upon which it based its refusal to pay until it filed its answer on January 25, 1939. The denial of liability, without stating any ground for the denial, was sufficient to warrant the submission of the issue of penalty and attorney's fees. [Block v. United States Fidelity & Guaranty Co., 290 S. W. 429; Reed v. Prudential Ins. Co., 73 S. W. (2d) 1027.]

The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur except *Cave, J.,* not sitting.