John E. SPOTTS and Mildred Spotts, Appellant,

v.

FARMERS INSURANCE COMPANY, INC., Respondent.

No. WD 39942.

Missouri Court of Appeals, Western District.

Aug. 9, 1988.

Don B. Roberson, Kansas City, for appellants.

Lance W. Lefevre, Heilbron & Powell, Kansas City, for respondent.

Before COVINGTON, J. Presiding, and NUGENT and GAITAN, JJ.

COVINGTON, Judge Presiding.

John and Mildred Spotts appeal from an order of the Circuit Court of Buchanan County granting Farmers Insurance Company, Inc.'s motion for summary judgment. The judgment is affirmed.

John and Mildred Spotts are the parents of Gail Spotts, who was seriously injured in an automobile accident on December 22, 1978. The accident was proximately caused by the negligence of an uninsured motorist. Farmers had issued two insurance policies to John Spotts under which Mr. and Mrs. Spotts and Gail were insureds. The policies provided for uninsured motorist and medical expense coverages.

Farmers paid the "per person" policy limit of $10,000 under the uninsured motorist provision of each policy to or on behalf of Gail Spotts. Farmers also paid the "per person" limit of the medical expense coverage of one of the policies in the amount of $5,000 to or on behalf of Gail Spotts.

In January of 1986 Mr. and Mrs. Spotts filed suit claiming on their own behalves monies allegedly due them under the uninsured motorist provisions of the policies. They contended that Farmers' uninsured motorist coverage afforded a separate coverage, with separate limits, for their own claims made on account of the injuries sustained by Gail. They contended that they were entitled to recover up to the "per occurrence" limit of the policy in addition to the payment previously made by Farmers to or on behalf of Gail. Mr. and Mrs. Spotts further contended that they were entitled to additional recovery under the medical expense coverage for medical expenses incurred on account of the injuries sustained by Gail.

Farmers answered Mr. and Mrs. Spotts' petition with a general denial of claims made under the uninsured motorist provisions of the policies. With regard to the medical expense claims, Farmers originally asserted: (1) that Farmers had paid the amount of the coverage to or on behalf of Gail Spotts; (2) that the policies did not provide separate medical benefits for John Spotts, who was not injured in the collision; and (3) that Condition 8 of the policies prohibited the stacking of medical coverages.

In February, 1986, Mr. and Mrs. Spotts filed a first amended petition which did not depart from the original petition in any manner material to the issues in this appeal. Farmers sought and was granted leave to amend its answer. The amended answer specifically asserted all prior payments made to or on behalf of Gail Spotts. The amended answer also set forth the text of the specific policy provisions upon which Farmers relied with respect to both the uninsured motorist coverage and the medical expense coverage.

On March 17, 1987, the Missouri Supreme Court in *Peters v. Farmers Ins. Co., Inc.*, 726 S.W.2d 749 (Mo. banc 1987), held that Farmers' policy issued to Billy J. Peters, identical in all material respects to the policies at issue here, did not afford a separate coverage with separate limits for derivative claims arising out of a single bodily injury.

In July, 1987, Farmers filed a motion to dismiss, or, in the alternative, a motion for summary judgment which: (1) incorporated by reference the Spotts' amended petition and Farmers' amended answer; (2) argued that *Spotts v. City of Kansas City*, 728 S.W.2d 242 (Mo.App.1987), was determinative of the issue regarding stacking of the medical expense coverages; and (3) asserted that *Peters* disposed of the Spotts' uninsured motorist claims. The trial court sustained Farmers' motion for summary judgment.

Summary judgment is appropriate when there is no genuine issue of material fact

and the moving party is entitled to it as a matter of law. Rule 74.04(c). The record must be reviewed in the light most favorable to the party against whom the judgment was entered. *Chapman v. Auto–Owners (Mut.) Ins. Co.*, 684 S.W.2d 335, 336 (Mo.App.1985).

Mr. and Mrs. Spotts did not assert in the trial court, nor do they assert here, that the facts which form the basis for Farmers' motion are in dispute. They do not challenge the applicability to their claims of either *Peters* or *Spotts v. City of Kansas City.* The Spotts contend only that the trial court erroneously permitted Farmers to amend its answer to include affirmative defenses not initially pleaded in its original answer, and, because the defenses formed the bases of Farmers' motion for summary judgment, summary judgment should have been denied.

Mr. and Mrs. Spotts rely on *Hounihan v. Farm Bureau Mut. Ins. Co. of Mo.*, 523 S.W.2d 173 (Mo.App.1975), and *Calvert v. Safeco Ins. Co. of America*, 660 S.W.2d 265 (Mo.App.1983), both of which hold that an insurer who initially denies liability under a policy based upon one or more particular defenses is foreclosed from later advancing a different ground for denying coverage. *Calvert*, 660 S.W.2d at 271; *Hounihan*, 523 S.W.2d at 175. The rule of *Hounihan* and *Calvert* is based upon principles of estoppel: "The reason for the rule is clearly that the insured ... has acted on the asserted position of the insurer and incurred prejudice (having no opportunity to meet the new defense) or expense of bringing suit." *Stone v. Waters*, 483 S.W.2d 639, 645 (Mo.App.1972).

■ The rule of *Stone, Hounihan* and *Calvert* is not applicable here. With respect to the uninsured motorist coverage, Farmers' original answer denied generally Mr. and Mrs. Spotts' claims under the uninsured motorist provisions of the policies but asserted no specific grounds for the denial. A general denial is not a specific ground for denial of liability nor is it in any manner to be equated with an affirmative defense. The reasoning which underlies the holdings of *Stone, Hounihan,* and *Calvert*, therefore, does not support extending those holdings to the facts of this case.

Missouri courts have not previously addressed the issue presented by the facts and circumstances of the present case. However, in *Cornhusker Agricultural Ass'n. v. Equitable Gen.*, 223 Neb. 618, 392 N.W.2d 366 (1986), appellant argued that the insurers should be estopped from raising a business pursuits exclusion because, when the insurer first denied coverage, it did not expressly deny coverage based on the business pursuits exclusion. The court held that in making a general statement the insurer cannot be denied the opportunity to give later a more specific reason. *Cornhusker*, 223 Neb. at 628–629, 392 N.W.2d at 373. Reference should also be made to 16C, J. APPLEMAN & J. APPLEMAN, INSURANCE LAW & PRACTICE § 9261 (1981). Similarly, Farmers, having answered with a general denial the assertions allegedly arising from the uninsured motorist provisions of the policies, will not be precluded from later giving a more specific reason for denying coverage.

■ With respect to the medical expense provisions, Mr. and Mrs. Spotts' reliance on *Hounihan* and *Calvert* is also misplaced. Although Farmers asserted specific grounds for denial of liability in the original answer with respect to medical expense provisions, no new or different grounds were asserted in the amended answer. Farmers in both answers alleged: (1) that the full amount of coverage had been paid to Gail Spotts; (2) that John and Mildred Spotts were not entitled to separate medical payments because they had not sustained bodily injury in the accident; and (3) that Condition 8 of the policy prohibited the stacking of medical coverages. The amended answer set forth these points more fully than the original answer but did not raise any new or different grounds for denying medical expense payments. The trial court correctly granted Farmers' motion for summary judgment.

All concur.